**SOUTHWEST COUNTRY ENTERPRISES, INC., d/b/a Prime Travel Stop, Appellant,**

v.

**LUCKY LADY OIL COMPANY, Appellee.**

No. 2–98–235–CV.

Court of Appeals of Texas, Fort Worth.

May 6, 1999.

---

Charles J. Paternostro, Dallas, for Appellant.

David L. Lewallen, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

In four points, appellant Southwest Country Enterprises (Southwest), Inc. appeals from a directed verdict granted in favor of appellee Lucky Lady Oil Company (Lucky Lady). In its first point, Southwest contends the trial court erred by refusing to grant its motions for continuance. In points two through four, it complains of the trial court's decision to exclude evidence. Because it was not an abuse of discretion to deny Southwest's second request for a continuance and because all other complaints were waived, we affirm the trial court's judgment.

### I. BACKGROUND

On June 7, 1996, Lucky Lady delivered fuel to one of Southwest's retail locations. The parties sharply disagree as to whether the fuel was ordered or mistakenly delivered. When Lucky Lady attempted to collect payment for the fuel, Southwest refused.

On December 13, 1996, Lucky Lady filed suit claiming breach of contract, sworn account, and quantum meruit. On February-

ary 7, 1997, Southwest filed its original answer. On February 20, 1998, Lucky Lady filed its first set of interrogatories and request for production. On March 26, 1998, Southwest amended its answer and countersued claiming that Lucky Lady negligently delivered the fuel. Southwest alleged that the delivery driver had allowed "run-off" from a rainstorm to contaminate its existing fuel supply. On April 9, the parties were ordered to mediate their dispute, but the mediation was unsuccessful.

On April 20, the eve of trial, Southwest filed a motion for continuance. The court reset the case to April 29. On Friday April 24, five days before trial, Lucky Lady received Southwest's response to its February 20 discovery request. On Monday April 27, Lucky Lady filed a motion in limine requesting that the information in Southwest's discovery response not be brought before the jury without first requesting permission from the bench. On the morning of trial, Southwest filed a second request for continuance. The court granted Lucky Lady's motion in limine, but denied Southwest's motion for continuance. After a trial in which only Lucky Lady presented evidence, the court instructed the jury to render judgment for Lucky Lady. This appeal followed.

### II. DISCUSSION

#### A. First Motion for Continuance

■ In its first point, Southwest complains of the trial court's failure to grant either of its motions for continuance. In its first motion for continuance, Southwest claimed it needed more time to gather evidence. As a basis for the motion, Southwest stated that it had learned information during mediation and needed time to gather evidence to support its claim.[1] Southwest contends the trial court abused its discretion in denying the continuance.

---

1. Southwest's motion failed to address section 154.073's prohibition of the use of any communication disclosed in a dispute resolution process. TEX. CIV. PRAC. & REM.CODE ANN. § 154.073 (Vernon 1997).

Lucky Lady argues that we need not address Southwest's first motion for continuance because (1) the trial court impliedly granted Southwest's request for continuance, (2) Southwest failed to preserve any error by not obtaining a ruling on the motion, or (3) the request was properly denied. As Southwest points out, the court reset the trial date to coincide with its jury docket, and the record contains no indication that the trial court either expressly or implicitly ruled on its first motion. To preserve error in the absence of a ruling, a party must object to the court's refusal to rule. *See* Tex.R.App. P. 33.1(a)(2)(B). Here, Southwest did not object; instead it filed a second motion for continuance. Because error was not preserved, we overrule that portion of point one dealing with the trial court's denial of Southwest's first motion for a continuance.

## B. Second Motion for Continuance

■ A trial court's action in granting or denying a motion for continuance will not be disturbed unless the record discloses a clear abuse of discretion. *See General Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex.1997) (orig. proceeding); *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex.1988). Generally, when a movant fails to include an affidavit in support of his motion, the appellate court presumes the trial court did not abuse its discretion in denying the continuance. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986); *see also Rent Am., Inc. v. Amarillo Nat'l Bank*, 785 S.W.2d 190, 193 (Tex.App.—Amarillo 1990, writ denied) (failure to comply with rule 251 results in presumption that trial court did not abuse its discretion). Here, neither motion contains a supporting affidavit; thus, we presume the trial court did not abuse its discretion.

■ In addition, failure of a litigant to diligently use the rules of civil procedure for discovery purposes will not authorize the granting of a continuance. *See Wood Oil Distrib.*, 751 S.W.2d at 865. A court will not be required to grant a continuance when the allegations in the motion, examined in light of the record, show a complete lack of diligence. *See id.; Fritsch v. J.M. English Truck Line, Inc.*, 151 Tex. 168, 246 S.W.2d 856, 858–59 (1952). Here, the record is devoid of any indicia of diligence on the part of Southwest to take depositions or of a reason so compelling to justify a continuance. The remaining portion of Southwest's first point is overruled.

## C. Exclusion of Evidence

In points two through four, Southwest complains of the trial court's exclusion (1) of all of its witnesses and evidence, (2) of its corporate president's testimony, and (3) of its fact witnesses. Southwest has failed to preserve this complaint for our review.

■ Southwest's complaints focus on the exclusion of its evidence at trial. However, a complaint of improperly excluded evidence cannot be predicated on a trial court's ruling on a motion in limine. *See Waldon v. City of Longview*, 855 S.W.2d 875, 880 (Tex.App.—Tyler 1993, no writ); *see also Wal–Mart Stores, Inc. v. Deggs*, 971 S.W.2d 72, 77 (Tex.App.—Beaumont 1996, no writ), *rev'd on other grounds*, 968 S.W.2d 354 (Tex.1998). A court's ruling granting a motion in limine is not a ruling on the admissibility of the evidence and does not preserve error. *See Waldon*, 855 S.W.2d at 880. A motion in limine simply prohibits references to specific issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury. *See In re R.V., Jr. and C.V.*, 977 S.W.2d 777, 780 (Tex.App.—Fort Worth 1998, no pet.).

■ If a motion in limine has been granted, to preserve error the party wanting to introduce the evidence must (1) approach the bench and ask for a ruling, (2) formally offer the evidence, and (3) obtain a ruling on the offer. *See Johnson v. Garza*, 884 S.W.2d 831, 834 (Tex.App.—Austin 1994, writ denied). If, at that time, the court rules the evidence inadmissible,

the party must further preserve the evidence through an offer of proof. *See* Tex. R.App. P. 33.1(a)(1)(B), 33.2; Tex.R. Evid. 103(a)(2); *Johnson,* 884 S.W.2d at 834. An appellate court cannot decide whether evidence was improperly excluded unless the evidence is included in the record for review. *See McInnes v. Yamaha Motor Corp.,* 673 S.W.2d 185, 187 (Tex.1984), *cert. denied,* 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985).

■ At the ·close of Lucky Lady's case, and outside the jury's presence, the following exchange occurred.

THE COURT: Inasmuch as you're prohibited from putting on any witnesses, what are you going to do?

[SOUTHWEST]: Well, Your Honor, I want to say that I would like to go ahead and present impeachment witnesses or rebuttal witnesses on behalf of saying that I've got at least one witness who can show that the fuel was never ordered, that there was no contract, there was no agreement, there was no anything.

THE COURT: Any objection to· rebuttal witnesses?

[LUCKY LADY]: Yes, Your Honor.

. . . .

[SOUTHWEST]: ... [H]ow about impeachment witnesses where I'm not impeaching them—

THE COURT: You mean to the—

[SOUTHWEST]:—I'm talking about—

THE COURT:—veracity of the witnesses as to their reputation in the community?

[SOUTHWEST]: Not necessarily their reputation as to the truth of what they are speaking to, but the facts—

THE COURT: They might disagree with them, but that's not impeachment, so—

[SOUTHWEST]: Then the second thing, if the Court won't allow me to put on live witnesses, I would like to read into evidence the affidavits of both Mr. Khalil and Mr. Popal who have—which have been in part of the record for several weeks, and they were attached to my Defendant's Amended Answer, so I would like to put that into evidence.

THE COURT: That request is denied.

■ Here, Southwest offered the evidence and theories of admissibility, but failed to preserve error by failing to make an offer of proof. An offer of proof requires a party, subsequent to a ruling excluding evidence, to show the substance of evidence excluded. Southwest failed to do so.[2] *See Sullivan v. Bickel & Brewer,* 943 S.W.2d 477, 484 (Tex.App.—Dallas 1995, writ denied); *Greenstein, Logan & Co. v. Burgess Mktg., Inc.,* 744 S.W.2d 170, 178 (Tex.App.—Waco 1987, writ denied). Southwest did not identify for the trial court the content of the testimony it now complains was excluded. *See Wade v. Commission for Lawyer Discipline,* 961 S.W.2d 366, 374 (Tex.App.—Houston [1 st Dist.] 1997, no pet.) (in the absence of an offer of proof, a court has no basis to review a contention that the trial court committed reversible error by preventing defendant from introducing documents and excluding the testimony of unknown witnesses). Failure to demonstrate the substance of the excluded evidence results in waiver. *See Sullivan,* 943 S.W.2d at 484; *Princess Enters., Inc. v. Superstar Amusements, Inc.,* 718 S.W.2d 40, 41–42 (Tex.App.—Dallas 1986, no writ).

■ Assuming Southwest's request to read the affidavits in evidence was an offer of proof, Southwest further failed to preserve error. The court's denial of an offer of proof required that Southwest introduce the excluded testimony into the record by

---

2. We note that the witnesses' affidavits were on file with the trial court; however, this is not a sufficient offer of proof. *See Malone v.*

*Foster,* 956 S.W.2d 573, 578 (Tex.App.—Dallas 1997), *aff'd,* 977 S.W.2d 562 (Tex.1998).

a formal bill of exception. *See* TEX.R.APP. P. 33.2. Southwest has not tendered a formal bill of exception. Accordingly, we overrule points two through four.

### D. Sanctions

Although not raised as a separate point, Southwest's argument contains a significant discussion contending that the motion in limine was, in fact, a "death penalty" sanction. In other words, Southwest contends that we should review the trial court's ruling on the motion in limine as a sanction. Southwest may not bring this complaint forward on appeal because a ruling on motion in limine is a tentative ruling and preserves nothing for appeal. *See Chavis v. Director, Worker's Compensation Div.*, 924 S.W.2d 439, 446 (Tex. App.—Beaumont 1996, no writ).

In addition, Southwest waived any error by failing to timely present the trial court with notice of his complaint. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* TEX.R.APP. P. 33.1(a); *see also* TEX.R. EVID. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *See Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex.1991) (op. on reh'g).

At trial, Southwest did not object to the exclusion of its evidence on this, or any basis. Southwest first objected to the exclusion of its evidence as a sanction in its motion for new trial. Because this objection was not presented so that the trial court could consider it in making its ruling, it was not timely. *Cf. Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 467 (Tex.1998) (holding a defensive theory raised for the first time in a motion for new trial untimely).

### III. CONCLUSION

Because the trial court did not abuse its discretion in denying Southwest's requests for a continuance and because Southwest failed to preserve error on its other points, we affirm the trial court's judgment.