Charles C. TURNER, Appellant,

v.

Jack Lee PERIL, Appellee.

No. 05–97–00930–CV.

Court of Appeals of Texas,
Dallas.

July 30, 2001.

Anjel Kerrigan Avant, Kondos & Kondos Law Office, Richardson, Lorin M. Subar, Law Office of Lorin M. Subar, Dallas, for Appellant.

Dawn Christine Woelfel, Touchtone, Bernays, Johnston, Beall & Smith, Randall G. Walters, Touchstone, Bernays, Dallas, for Appellee.

Before Justices MOSELEY, BRIDGES and FARRIS.[1]

## OPINION AND ORDER ON MOTION FOR REHEARING

Opinion By Justice DAVID F. FARRIS (Assigned).

The Court denies appellee's motion for rehearing. On the Court's own motion, we withdraw our January 13, 2000 opinion and vacate the January 13, 2000 judgment. The following is now the opinion of the Court.

This case turns upon one issue necessary to final disposition of this appeal: what is required of a counteraffidavit filed under section 18.001(f) of the Texas Civil Practice and Remedies Code? *See* TEX. CIV. PRAC. & REM.CODE ANN. § 18.001(f) (Vernon 1997). Charles C. Turner appeals a judgment based on a verdict in his personal injury suit against Jack Lee Peril. At trial, Turner offered affidavits under section 18.001 to prove medical expenses he had incurred were reasonable and necessary, but the trial court held nine affidavits inadmissible because of counteraffidavits filed by Peril.

Before addressing the ultimate issue, we must address Peril's contention that Turner has not preserved the issue for appellate review. Although each of the affidavits and counteraffidavits at issue are in the clerk's record, Peril contends the issue is not preserved because Turner did not submit a bill of exception or an offer of proof.

A party filing an affidavit under section 18.001 must file the affidavit at least thirty days before the first day that evidence is presented at trial. TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(d) (Vernon 1997). Similarly, an opposing party must file a counteraffidavit at least fourteen days before the first day that evidence is presented at trial or obtain leave of court. *Id.* It is undisputed that both the affidavits and counteraffidavits were timely filed in this case and appear in the clerk's record. Accordingly, there is no claim that Peril was surprised by the affidavits or that Turner was surprised by the counteraffidavits.

Immediately after the jury was sworn in, Turner raised the issue of whether the trial court would accept Peril's counteraffidavits. Turner moved to have the affidavits admitted. Peril objected to the admission of the affidavits because he filed counteraffidavits to each affidavit. Turner responded by arguing Peril's counteraffidavits did not comply with section 18.001(f), which is the ultimate issue addressed in this appeal. The court deferred ruling on the issue and took the matter under advisement.

■ At the commencement of trial on the following day, the trial judge announced she had read the affidavits, reviewed the statute, and was of the opinion the counteraffidavits "shall stand." Turner did not offer the affidavits or counteraffidavits as a bill of exception or make an offer of proof. We must determine wheth-

1. The Honorable David F. Farris, Former Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

er the trial court's and parties' discussion, on the record, regarding the affidavits and counteraffidavits combined with the fact that each affidavit and counteraffidavit appears in the clerk's record has preserved error for our review.

Texas Rule of Appellate Procedure 33.2 provides for formal bills of exception when the complained-of matter "would not otherwise appear in the record." TEX.R.APP. P. 33.2. Rule 33.2 makes no distinction between the reporter's record and the clerk's record.[2] In addition, Rule 33.2 provides formal bills of exception are to be filed "with the trial court clerk." TEX. R.APP. P. 33.2(c)(2).

In his motion for rehearing, Peril argues "this Court has specifically held that the mere filing of affidavits with the trial court is not a sufficient offer of proof." In support of this argument, Peril cites to *Southwest Country Enterprises v. Lucky Lady Oil Co.*, 991 S.W.2d 490 (Tex.App.—Fort Worth 1999, pet. denied).[3] In *Southwest Country Enterprises*, the plaintiff brought suit on a sworn account. *Id.* at 492. The trial court excluded all of the defendant's witnesses and evidence. *Id.* at 493. Because the trial court would not allow defendant to present live testimony, defendant attempted to read two affidavits, which were attached to its amended answer.[4] *Id.* The court expressly noted, the defendant "did not identify for the trial court the content of the testimony it now complains was excluded." *Id.* at 494. The court explained, "[a]n offer of proof requires a party, subsequent to a ruling excluding evidence, to show the substance of evi-

dence excluded." *Id.* Because the defendant never showed the substance of the excluded evidence to the trial court, the reviewing court held the defendant waived error by "[f]ailure to demonstrate the substance of the excluded evidence." *Id.*

The case at hand is unlike *Southwest Country Enterprises v. Lucky Lady Oil Company.* First, the affidavits and counteraffidavits at issue were brought to the trial judge's attention, which is undisputed. Second, the trial judge stated on the record she read the affidavits, which is also undisputed. Unlike the case cited by Peril, there is no claim the excluded evidence was not brought to the trial court's attention, and the reporter's record expressly indicates otherwise.

The *Southwest Country Enterprises* case cites *Malone v. Foster*, from this Court, in support of the proposition that merely having affidavits on file was not a sufficient offer of proof. *Id.* at 494 n. 2 (citing *Malone v. Foster*, 956 S.W.2d 573, 578 (Tex.App.—Dallas 1997), *aff'd*, 977 S.W.2d 562 (Tex.1998)). In *Malone*, the excluded evidence had previously been filed in the form of a deposition attached as summary judgment evidence. *Malone*, 956 S.W.2d at 578. In *Malone*, there is no indication the excluded testimony was brought to the attention of the trial court. *See id.* at 577–78. Thus, *Malone* is distinguishable from this case.

■ The case at hand is also distinguishable from cases holding error is not preserved when a party fails to make an offer of proof after an opponent's motion in limine is granted. *See, e.g., Wyler Indus.*

---

**2.** Texas Rule of Appellate Procedure 34.1 states the appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record.

**3.** Peril's assertion that "this Court has specifically held that the mere filing of affidavits with the trial court is not a sufficient offer of

proof" is not supported by the authorities he cites.

**4.** It appears these affidavits were sworn denials of the account, which was the basis of the suit. *See* TEX.R. CIV. P. 93.10.

*Works v. Garcia,* 999 S.W.2d 494, 511 (Tex. App.—El Paso 1999, no pet.); *Southwest Country Enters.,* 991 S.W.2d at 493. A trial court's grant of a motion in limine simply prohibits references to specific issues without first obtaining a ruling outside the presence of the jury. *Southwest Country Enters.,* 991 S.W.2d at 493. Here, Turner offered the affidavits and obtained a definitive ruling on his offer.

Evidence rule 103(a)(2) establishes a procedural prerequisite for appealing a trial court's ruling excluding evidence. *See* Tex.R. Evid. 103(a)(2). Rule 103(a)(2) provides:

> *Offer of Proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked.

In this case, the affidavits were offered and the substance of the affidavits was known to the trial court. We conclude the requirements of Texas Rule of Evidence 103(a)(2) were satisfied.

In *Texas Health Enterprises, Inc. v. Texas Department of Human Services,* 949 S.W.2d 313 (Tex.1997), our supreme court addressed a similar issue. In that appeal from an administrative hearing, neither party formally offered the record into evidence. *Id.* at 313–14. The Texas Supreme Court noted the Administrative Procedure Act expressly requires the party seeking review of an agency decision "shall offer, and the reviewing court shall admit, the state agency record into evidence as an exhibit." *Id.* at 313 (citing Tex. Gov't Code Ann. § 2001.175(d)). However, our supreme court concluded the parties and trial court relied on the administrative record, and held the administrative record, which appeared in the record as a supplemental transcript, should have

been considered by the intermediate court of appeals. *Id.* at 314.

We have not been cited to any authority addressing preservation of error issues for affidavits tendered under section 18.001 of the Civil Practice and Remedies Code. Turner complied with section 18.001 of the Texas Civil Practice and Remedies Code. We conclude Turner also complied with Texas Rule of Evidence 103(a)(2). Further, our holding is consistent with the Texas Supreme Court's holding in *Texas Health Enterprises, Inc.,* 949 S.W.2d at 313–14. Under the facts of this case, we conclude Turner has properly preserved error for our review.

Our holding applies only when (1) the affidavits and counteraffidavits are properly filed under section 18.001, (2) the reporter's record demonstrates the trial court ruled on the affidavits and counteraffidavits and was aware of their substance, and (3) the affidavits and counteraffidavits appear in the clerk's record, if not in the reporter's record. Although we have ruled the affidavits and counteraffidavits are properly before the court, the better practice would have been to offer the affidavits and counteraffidavits admitted as a bill of exception. We emphasize the limited nature of our holding.

At trial, Turner offered the excluded affidavits to prove a variety of medical charges. Each was signed by either a service provider or the person in charge of the records. Attached to each was an itemized statement of the services and charges provided Turner. Peril did not object that Turner's affidavits did not substantially comply with section 18.001.

Each of the excluded affidavits was countered by an affidavit of Dr. George W. Sibley. The following is from Dr. Sibley's affidavit countering an affidavit Turner filed to prove the reasonableness and ne-

cessity of two drug prescriptions that cost $20:

My name is DR. GEORGE W. SIBLEY. I am a licensed physician in the County of Dallas, State of Texas. I am above the age of eighteen years, of sound mind, and make this Affidavit upon my best information and belief. I am a Board Certified orthopedic surgeon, a member of the American Academy of Orthopedic Surgery and have practiced orthopedic surgery in Dallas for thirty-five (35) years. I am fully competent to testify thereto.

This Counter Affidavit is made in response to the Affidavit of *DEREK A. SCHENK, Custodian of Records for SACK–N–SAVE PHARMACY # 218* pursuant to Section 18.001 of the Texas Civil Practices [sic] and Remedies Code.

Such Affidavit states a purported fact that the services outlined on attachments hereto were necessary and the charges reasonable. In my opinion, the health care treatment, numerous procedures and charges were not reasonable or necessary or justified by the condition as described in the medical reports filed by such medical service provider in connection with the alleged incident.

In addition, this Counter–Affidavit is made on the basis of the following:

(1). My education, training and experience, and; (2). A review of the medical records of Charles C. Turner regarding a *rear* end collision on 2/18/94 fail to show *any* objective finding of a significant injury. All treatment after 2/18/94 was not reasonable and necessary as a result of the 2/18/94 accident.

All of Dr. Sibley's counteraffidavits were identical to this example except for the italicized designation of the affiant and service provider named in the initial affidavit filed by Turner.

Section 18.001 provides a significant savings of time and cost to litigants, particularly in personal injury cases, by providing a means to prove up the reasonableness and necessity of medical expenses. Section 18.001 states:

§ 18.001. Affidavit Concerning Cost and Necessity of Services

(a) This section applies to civil actions only, but not to an action on a sworn account.

(b) Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

(c) The affidavit must:

(1) be taken before an officer with authority to administer oaths;

(2) be made by:

(A) the person who provided the service; or

(B) the person in charge of records showing the service provided and charge made; and

(3) include an itemized statement of the service and charge.

(d) The party offering the affidavit in evidence or the party's attorney must file the affidavit with the clerk of the court and serve a copy of the affidavit on each other party to the case at least 30 days before the day on which evidence is first presented at the trial of the case.

(e) A party intending to controvert a claim reflected by the affidavit must file a counteraffidavit with the clerk of the court and serve a copy of the counteraffidavit on each other party or the party's attorney of record:

(1) not later than:

(A) 30 days after the day he receives a copy of the affidavit; and

(B) at least 14 days before the day on which evidence is first presented at the trial of the case; or

(2) with leave of the court, at any time before the commencement of evidence at trial.

(f) The counteraffidavit must give reasonable notice of the basis on which the party filing it intends at trial to controvert the claim reflected by the initial affidavit and must be taken before a person authorized to administer oaths. The counteraffidavit must be made by a person who is qualified, by knowledge, skill, experience, training, education, or other expertise, to testify in contravention of all or part of any of the matters contained in the initial affidavit.

TEX. CIV. PRAC. & REM.CODE ANN. § 18.001 (Vernon 1997). Significantly, while section 18.001(c)(2)(B) permits charges to be proved by a non-expert custodian, section 18.001(f) requires a counteraffidavit to give reasonable notice of the basis on which the party filing it intends to controvert the claim reflected by the initial affidavit *and* be made by a person qualified to testify in contravention about matters contained in the initial affidavit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 18.001(c)(2)(B), (f). We conclude section 18.001 places a greater burden of proof on counteraffidavits to discourage their misuse in a manner that frustrates the intended savings.

■ Our conclusion is bolstered by section 18.002 as it sets out a form for an affidavit for cost and necessity of services but provides no form for a counteraffidavit. An affidavit that is not authorized by statute is insufficient unless its allegations are direct and unequivocal and perjury can be assigned to it. *See Burke v. Satterfield,* 525 S.W.2d 950, 955 (Tex.1975); *Int'l Tur-bine Serv. v. Lovitt,* 881 S.W.2d 805, 808 (Tex.App.—Fort Worth 1994, writ denied). Dr. Sibley's counteraffidavits did not meet this test of sufficiency. And they neither showed that Dr. Sibley was qualified to contravene the initial affidavits nor gave Turner reasonable notice of the basis on which Peril intended at trial to controvert Turner's claims.

■ Dr. Sibley's credentials as an orthopedic surgeon and his blanket statement that the counteraffidavits were made on the basis of his "education, training, and experience" did not show that he was qualified to contravene all of the matters contained in each of Turner's affidavits. None of the medical expenses documented by Turner's initial affidavits involved examination or treatment by an orthopedic surgeon. They related to services provided by a hospital, pharmacies, a chiropractor, a diagnostic center, a nurse anesthetist, and doctors who were not orthopedic surgeons. While Dr. Sibley may have been qualified to contravene all or some of the Turner affidavits, his status as a licensed physician did not automatically qualify him as an expert on every medical question. *Cf. Broders v. Heise,* 924 S.W.2d 148, 152 (Tex.1996); *Travelers Ins. Co. v. Wilson,* 28 S.W.3d 42, 48 (Tex. App.—Texarkana 2000, no pet.). Dr. Sibley's counteraffidavits did not address whether the charges for the various medical services were reasonable in terms of cost. While counteraffidavits tailored to address each initial affidavit, individually, might have demonstrated that he was qualified, the unvarying responses of Dr. Sibley did not.

■ With regard to the necessity of the services, Dr. Sibley's counteraffidavits made only a conclusory statement that Turner's medical records failed to show any objective finding of a significant inju-

ry. If Dr. Sibley was controverting Turner's claim based on a denial that he had suffered any injury, then it would have been a simple matter to say as much. Dr. Sibley's affidavits did not give reasonable notice of the basis for his conclusion that none of the medical services were necessary. This is especially true in light of Dr. Sibley's apparent concession that Turner suffered some injury.

One of the controverted affidavits reflects only that Turner was charged $53 for an "initial evaluation," while two other affidavits prove $20 and $77.50 were charged for prescriptions filled by pharmacies. Even an insignificant injury may merit an examination and some medical treatment. However, Dr. Sibley's counteraffidavits gave no reasonable notice of his basis for challenging the reasonableness and necessity of those expenses.

Another of Turner's affidavits supported a $1000 charge for magnetic resonance imaging. If Dr. Sibley believed, based upon Turner's complaints or the results of earlier diagnostic examinations or procedures, that the expense of an MRI was not reasonable or necessary, the basis should have been explained in the counteraffidavit. Still another of Turner's affidavits supported $1095 for chiropractic treatment beginning with a $50 charge for a new patient examination. If Dr. Sibley challenged the chiropractic affidavit because he found that the new patient examination did not justify the treatment Turner received, or it was his opinion that treatment was excessive Dr. Sibley should have identified that basis in the counteraffidavit.

Dr. Sibley's stated basis for controverting Turner's affidavits—that there was no objective finding of a significant injury—might give reasonable notice that sufficed under section 18.001(f) to controvert an initial affidavit under some circumstances. But in this case it did not. None of Dr.

Sibley's counteraffidavits specifically addressed the claims made in the corresponding initial affidavit. Instead, in every counteraffidavit Dr. Sibley referred to "numerous procedures," even though some of the initial affidavits involved only medication, and stated his opinion was based upon unidentified "medical reports filed by such medical service provider." Dr. Sibley also rejected all treatment because of the absence of an "objective finding" of significant injury, even though some of the initial affidavits addressed only the treatment and medication of pain. In sum, Dr. Sibley's counteraffidavits either obscure his basis for controverting the affidavits filed by Turner or conceal the absence of any basis.

Because of our disposition of Turner's first issue, we need not address his second and third issues. See TEX.R.APP. P. 47.1. The judgment is reversed and the case is remanded for further proceedings.