COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-192-CV

 

 

JOSE D. POSADA                                                                APPELLANT

 

                                                   V.

 

ANIVAR SARVELIO ROMERO
AND                                   APPELLEES

ENVIROTEC
CONSTRUCTION SERVICES, INC.                                          

 

                                              ------------

 

            FROM THE 393RD
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








Appellant Jose D. Posada presents two issues for
review that he phrases as follows: (1) AWhether
a physician [sic] status as licensed orthopedic surgeon established physician
as an expert on all medical matters and whether counter-affidavits provided
sufficient basis for physician=s
contravention of chiropractic bills, radiological bills, examining physician
bills and costs of orthopedic procedures@ and (2)
AWhether
supplemental report attached to a counter-affidavit, that is not subject to
perjury satisfies the statutory requirements of '
18.001(f) of Tex. Civ. Prac. & Rem. Code and whether said report can be
considered.@ 
We affirm.

II. 
Factual and Procedural Background

This is the case of the dangerous water
hose.  Posada sued Anivar Sarvelio Romero
and Envirotec Construction Services, Inc. for injuries to his neck and back
that resulted in excess of $17,000.00 in medical expenses.  Posada, who was employed as a laborer by
Envirotec, a nonsubscriber under the Texas Workers=
Compensation Act, was injured when a water hose that he was using was stretched
across a public roadway and became entangled in the tires of Romero=s
trailer when Romero drove across the hose.








On the day that Posada was injured, he was
required to wet sod that had recently been planted by Envirotec by stretching a
water hose that was hooked up to a fire hydrant across a public roadway.  Posada testified that he was in a small Araven@
watering the sides of the ditch with the water hose at the time of the
accident.  Posada had been watering the
ditch for about twenty minutes when Romero pulled a trailer across the water
hose; the hose became entangled in the rear wheels of the trailer, thereby
dragging Posada and pulling the water hose from his hands.  Posada testified that the water hose was
violently jerked when it became entangled in Romero=s
trailer and violently threw Posada to the ground, pulling him backward toward
the iron fence that the hose was placed through.  Posada subsequently sued his nonsubscribing
employer and Romero for negligence.

At trial, Envirotec argued that there was a
flagman who attempted to stop Romero from driving over the hose at a high rate
of speed.  On the other hand, Posada
testified that he had his back to the roadway and was unable to say whether
there were any flagmen who attempted to stop Romero.  Around twenty to thirty minutes after the
accident, Posada contacted his supervisor and reported that he was injured.  Posada immediately left work and had a friend
transport him to the hospital.  Posada=s
attorney introduced and had admitted in evidence, with no objections, the
following business record affidavits and affidavits of cost: (1) $1,679.00 in
medical expenses from Baylor Hospital at Irving, (2) $77.42 in medical expenses
from Phil=s Pharmacy, (3) $193.47 in
medical expenses from Irving Radiological Associates, L.P., and (4) $1,495.00
in medical expenses from Texas Imaging and Diagnostic.








Prior to trial, Envirotec filed a
counter-affidavit of William Mitchell, M.D. regarding other medical expenses in
which Dr. Mitcehll opined that much of the medical treatment received by Posada
was unnecessary.  In part, it stated as
follows:

The opinions in my report
can be summarized as follows: (A) Posada=s treatment by Dr. Laffell and Genesis
Chiropractic, totaling $10,842.00, was not reasonable or necessary because (i)
physical therapy for six weeks with two visits per week would have been
sufficient, followed by a self-directed home exercise program and perhaps
over-the-counter anti-inflammatories, (ii) a reasonable charge for six weeks of
physical therapy with two visits per week would have cost about $1,800.00,
thereby reflecting excessive and unnecessary charges of $9,042.00 by Dr.
Laffell and Genesis Chiropractic; (B) Dr. Laughlin=s charge of $2,045.00 was
excessive and unnecessary in the amount of $922.00 because (i) the cervical
spine and lumbar spine X-rays taken on 9/2/03 and totaling $232.00 had already
been performed, (ii) his charges on 9/2/03 of $595.00 for consultation are
excessive by $150.00, and (iii) the trigger point injections performed on
October 16, 2003 and totaling $540.00 were not necessary and excessive in
costs; (C) the $475.00 charge by Dr. Galbraith on 8/14/03 for a detailed exam
and NARR-Complex is excessive by almost $225.00; and (D) the $145.00 charge for
cervical and thoracic X-Rays taken by Garrett Consulting on 8/21/03 was not
necessary as these X-Rays had already been performed.

 

Additionally, his attached and incorporated report states as follows:

Mr. Posada=s treatment with Dr.
Laffell and Genesis Chiropractic was not reasonable or necessary.  He was entirely over treated.  Instead, physical therapy over six weeks
(twelve visits at two times per week) would have been sufficient, followed by a
self-directed home exercise program and perhaps over-the-counter
anti-inflammatories.  Therefore, the
charges of $10,842.00 by Dr. Laffell and Genesis Chiropractic were
excessive.  A reasonable charge for six
weeks of physical therapy, with two visits per week, would have been around
$1,800.00, therefore reflecting an excessive and unnecessary charge of
$9,042.00.

 








Dr. Laughlin=s charges were also
excessive.  He repeated the x-rays, which
had already been performed.  Mr. Posada
had x-rays of his dorsal and cervical spine on two occasions and lumbar spine
on one occasion, and these were repeated by Dr. Laughlin again.  Therefore, the charges of $232.00 for these
X-Rays were unnecessary and excessive. 
Also, his charge on September 2, 2003 of $495.00 for the exam was
$150.00 more than what it should have been. 
Additionally, the charges of $180.00 and $360.00 for trigger point
injections on October 16, 2003 were unnecessary.  In sum, Dr. Laughlin had $922.00 in excessive
and unnecessary charges.

 

The $475.00 charge by Dr.
Galbraith on 8/14/03 for a detailed exam and NARR-Complex is excessive by
approximately $225.00.

 

The $145.00 charge for
cervical and thoracic X-Rays taken by Garrett Consulting on 8/21/03 were not
necessary as these X-Rays had already been taken.

 

Posada testified concerning his treatment from
the chiropractor; however, as a result of the admission of the
counter-affidavit, the medical records of Genesis Chiropractic documenting
$10,842.00 in medical expenses were not introduced into evidence before the
jury.  Posada further testified to
receiving injections from his orthopedic surgeon, Dr. Laughlin, but Posada was
not allowed to introduce the medical records as a result of the
counter-affidavit, thereby excluding $2,045.00 in medical expenses.  Also excluded as a result of the
counter-affidavit were $475.00 in medical expenses from Dr. James Galbraith and
$210.00 in medical expenses from Garrett Consulting.  The total amount of Posada=s
excluded medical expenses was $13,572.00.








At a jury trial on the merits, Posada introduced
affidavits of costs and business record affidavits previously set forth in the
amount of $3,444.95, as well as evidence of $1,920.00 in lost earnings.  The jury returned a verdict in Posada=s favor
in the amount of $5,420.00, consisting of $1,920.00 in lost wages and $3,500.00
in past medical expenses, and found that Romero was negligently responsible for
the injuries sustained by Posada.

III. 
Defendant=s Expert

Posada phrases his first issue as follows: AWhether
a physician [sic] status as licensed orthopedic surgeon established physician
as an expert on all medical matters and whether counter-affidavits provided
sufficient basis for physician=s
contravention of chiropractic bills, radiological bills, examining physician
bills and costs of orthopedic procedures.@

A. 
Counter-affidavits








Posada filed medical affidavits pursuant to
section 18.001 of the civil practice and remedies code without complaint as to
the procedural prerequisites contained in the section.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 18.001
(Vernon 1997).  Section 18.001 Acreates
an exception to the general rule requiring expert testimony@ to show
reasonableness and necessity of medical expenses.  Rodriguez-Narrera v. Ridinger, 19
S.W.3d 531, 532 (Tex. App.CFort
Worth 2000, no pet.).  So long as the
requirements of section 18.001 are met and the opponent does not file a
controverting affidavit, a party may dispense with the inconvenience and
expense of obtaining an expert to testify as to the necessity and
reasonableness of the expenses.  Id.  

Subsection (f), concerning these controverting
affidavits, reads as follows:

The counter-affidavit
must give reasonable notice of the basis on which the party filing it intends
at trial to controvert the claim reflected by the initial affidavit and must be
taken before a person authorized to administer oaths.  The counter-affidavit must be made by a
person who is qualified, by knowledge, skill, experience, training, education,
or other expertise, to testify in contravention of all or part of any of the
matters contained in the initial affidavit.

 

Tex. Civ. Prac. & Rem. Code Ann. '
18.001(f).  

B. 
Standard of Review








Section 18.001(f) concerns the counter-affidavit
in question and is an evidentiary statute. 
See Beauchamp v. Hambrick, 901 S.W.2d 747, 749 (Tex. App.CEastland
1995, no writ).  Evidentiary rulings are
reviewed under an abuse of discretion standard. 
City of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex.
1995).  To determine whether a trial
court abused its discretion, we must decide whether the trial court acted
without reference to any guiding rules or principles; in other words, we must
decide whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986).  This court will uphold such
evidentiary rulings if there is a legitimate basis for the ruling.  Owens-Corning Fiberglas Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998).  

C. 
Analysis

Posada initially complains that the
counter-affidavit by Dr. Mitchell does not show that he has training in
chiropractic care, radiology, medical examinations, or cost overrides of
orthopedic procedures, including injections; consequently, Posada asserts that
he is not qualified to offer opinions in these areas.

As to the qualifications that Dr. Mitchell
posseses to offer his opinions, his affidavit, report, and curriculum vitae
indicate that he is a board-certified orthopedic surgeon with staff privileges
at five local hospitals, has been in private practice for over thirty-five
years, has reviewed the medical records of Posada, and has A[f]or
many years, on a regular basis . . . examined and treated patients who
have been injured in auto accidents with injuries such as those being
claimed by Posada.@ 
[Emphasis supplied.]  An
examination of his opinions shows that Dr. Mitchell did not criticize the type
of chiropractic care given, for which opinion he may or may not be qualified,
but rather opined that a reasonable amount of therapy would have been
considerably less than that which was given. 









Dr. Mitchell>s
opinion is distinguishable from the expert opinion examined in Travelers
Insurance Co. v. Wilson, 28 S.W.3d 42, 48 (Tex. App.CTexarkana
2000, no pet.), cited by Posada, wherein the orthopedic surgeon attempted to
criticize the necessity and reasonableness of the chiropractic care
itself.  Because Dr. Mitchell has stated
that he is familiar with treating the type of injuries that Posada had
received, this familiarity would necessarily include the appropriate length of
treatment for such injuries, which therefore encompasses his opinions
concerning over-treatment by Dr. Laffell and Genesis Chiropractic.  With regard to his other opinions concerning
exams, injections, x-rays, and particularly those charges of Posada=s
treating orthopedic surgeon, Dr. Laughlin, these are reasonably within the
field of expertise of an orthopedic surgeon treating similar injuries.  








Posada also complains that the Areasonable
notice@
requirement of section 18.001(f) was not met by the counter-affidavit, citing Turner
v. Peril, 50 S.W.3d 742 (Tex. App.CDallas
2001, pet. denied).  See Tex. Civ. Prac. & Rem. Code Ann. '
18.001(f).  In Turner, the author
of the affidavit Agave no reasonable notice of his
basis for challenging the reasonableness and necessity of those expenses.@  50 S.W.3d at 748.  In this case, however, Dr. Mitchell, who was
familiar with treating the type of injuries sustained by Posada, for the most
part explained the reasons for his opinion concerning the excessiveness of
charges or lack of necessity for the treatment. 
For example, with regard to Dr. Laffell and Genesis Chiropractic, Dr.
Mitchell opined as follows:

Mr. Posada=s treatment with Dr.
Laffell and Genesis Chiropractic was not reasonable or necessary.  He was entirely over treated.  Instead, physical therapy over six weeks
(twelve visits at two times per week) would have been sufficient, followed by a
self-directed home exercise program and perhaps over-the-counter
anti-inflammatories.  Therefore, the
charges of $10,842.00 by Dr. Laffell and Genesis Chiropractic were
excessive.  A reasonable charge for six
weeks of physical therapy, with two visits per week, would have been around
$1,800.00, therefore reflecting an excessive and unnecessary charge of
$9,042.00.

 

We overrule Posada=s first
issue.

IV. 
Supplemental Report 

Posada phrases his second issue as follows: AWhether
supplemental report attached to a counter-affidavit, that is not subject to
perjury satisfies the statutory requirements of '
18.001(f) of Tex. Civ. Prac. & Rem. Code and whether said report can be
considered.@

Section 18.001 of the Texas Civil Practice and
Remedies Code allows a claimant to file an affidavit in support of the
reasonableness and necessity of medical expenses and services.  Tex.
Civ. Prac. & Rem. Code Ann. '
18.001.  Likewise, subsection paragraph
(f) of that section, previously set forth in this opinion, allows for the
filing of a counter-affidavit.  Id.
'
18.001(f). 








This court has previously held that when a
document is incorporated into an affidavit, the document is treated as if it
were written in the affidavit.  See
Dep=t of Pub. Safety v. Mitchell, No.
02-01-00398-CV, 2003 WL 1904035, at *6 (Tex. App.CFort
Worth Apr. 17, 2003, no pet.) (mem. op.) (citing Tex. Dep=t of
Pub. Safety v. Struve, 79 S.W.3d 796, 803-04 (Tex. App.CCorpus
Christi 2002, pet. denied)).  In his
counter-affidavit, Dr. Mitchell states, AMy curriculum
vitae is attached hereto as exhibit 1, which is incorporated herein, and it
accurately reflects my medical training and experience.@  He also states, AMy
complete opinion of the medical necessity of such treatment and the
reasonableness of the charges is contained in my report, a true and correct
copy of which is attached hereto as Exhibit 2, and which is incorporated
herein.@  Lastly, Dr. Mitchell states that A[a]ll of
the opinions stated in my [c]ounter-[a]ffidavit and my attached report were
each based upon my medical training and knowledge, my medical experience, as
set forth in my [c]urriculum [v]itae, and upon reasonable medical probability.@  

Clearly, then, the physician=s report
is incorporated into his affidavit and is therefore treated as if written in
the affidavit.  We overrule Posada=s second
issue.

 

 








V. 
Conclusion

Having overruled Posada=s
issues, we affirm the trial court=s
judgment.

 

BOB
MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT,
HOLMAN, and MCCOY, JJ.

 

DELIVERED: April 26, 2007











[1]See Tex. R. App. P. 47.4.