

# NUMBER 13-19-00435-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE REYES TREVINO CHAPA
## AND PETROCHEM TRANSPORT INC.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Chief Justice Contreras[1]**

Relators Reyes Trevino Chapa and Petrochem Transport Inc. filed a petition for

writ of mandamus seeking to compel the trial court to vacate its "Order Partially Granting

Plaintiff's Motion to Strike the Counter-Affidavits and Testimony of Gilbert Meadows, M.D.

& Order Partially Granting Plaintiff's *Daubert/Robinson* Motion" signed on August 27,

2019. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001; *see also Daubert v. Merrell Dow*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

*Pharms., Inc.*, 509 U.S. 579, 590 (1993); *E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 557 (Tex. 1995).

Mandamus is an "extraordinary" remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. To determine if there is an adequate remedy by appeal, we balance the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding). "Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest, Andrew Thomas Beard, the reply filed by relators, and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(c),(f); *Gunn*

2

*v. McCoy*, 554 S.W.3d 645, 671–75 (Tex. 2018); *In re Brown*, No. 12-18-00295-CV, 2019 WL 1032458, at *1–6, __ S.W.3d __, __ (Tex. App.—Tyler Mar. 5, 2019), *mand. dism'd*, No. 12-18-00295-CV, 2019 WL 1760103 (Tex. App.—Tyler Apr. 10, 2019, orig. proceeding); *Hong v. Bennett*, 209 S.W.3d 795, 795–800 (Tex. App.—Fort Worth 2006, no pet.); *Turner v.Peril*, 50 S.W.3d 742, 743–48 (Tex. App.—Dallas 2001, pet. denied); *see also City of Laredo v. Limon*, No. 04-12-00616-CV, 2013 WL 5948129, at *6–7 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op.).  Accordingly, we deny the opposed emergency motion to stay trial, which was previously carried with the case, and we deny the petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a).

DORI CONTRERAS<br>
Chief Justice

Delivered and filed the 12th
day of September, 2019.