

# NUMBER 13-19-00346-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE ALLSTATE INDEMNITY COMPANY

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Benavides[1]**

Relator Allstate Indemnity Company filed a petition for writ of mandamus seeking to compel the trial court to vacate its May 24, 2019 order striking relator's Chapter 18 counter-affidavit regarding medical expenses. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(c),(f); *Gunn v. McCoy*, 554 S.W.3d 645, 671–75 (Tex. 2018); *In re Brown*, No. 12-18-00295-CV, 2019 WL 1032458, at *1–6, __ S.W.3d __, __ (Tex. App.—Tyler Mar. 5, 2019, orig. proceeding), *mand. dism'd*, No. 12-18-00295-CV, 2019 WL 1760103, at *1

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

(Tex. App.—Tyler Apr. 10, 2019, orig. proceeding) (mem. op. per curiam); *Hong v. Bennett*, 209 S.W.3d 795, 795–800 (Tex. App.—Fort Worth 2006, no pet.); *Turner v. Peril*, 50 S.W.3d 742, 743–48 (Tex. App.—Dallas 2001, pet. denied); *see also In re Chapa*, No. 13-19-00435-CV, 2019 WL 4315028, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 12, 2019, orig. proceeding [mand. denied]) (mem. op.); *City of Laredo v. Limon*, No. 04-12-00616-CV, 2013 WL 5948129, at *6–7 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op.).

Mandamus is "both an extraordinary remedy and a discretionary one." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. Appellate courts may not substitute their judgment for the trial court's determination of factual matters committed to that court's discretion. *In re Shipman*, 540 S.W.3d 562, 565 (Tex. 2018) (orig. proceeding) (per curiam). However, with regard to questions of law and mixed questions of law and fact, a trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *In re Shipman*, 540 S.W.3d 562, 565–66 (Tex. 2018) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

2

To determine if there is an adequate remedy by appeal, we balance the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding). "As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). "Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Appeal is an inadequate remedy when a party's ability to present a viable claim or defense at trial is either completely vitiated or severely compromised. *In re Garza*, 544 S.W.3d at 840; *Walker*, 827 S.W.2d at 843.

The Court, having examined and fully considered the petition for writ of mandamus, the record, the response filed by real party in interest, Norma Alaniz, the reply filed by relator, the amicus curiae brief received from the Texas Association of Defense Counsel, and the applicable law, is of the opinion that relator has not met its burden to obtain mandamus relief. *See In re Garza*, 544 S.W.3d at 840; *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 464; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136; *Walker*, 827 S.W.2d at 843. Accordingly, we lift the stay which was previously imposed in this case, and we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

In so ruling, we note that relator contends that it "has very limited means to controvert, impeach, or cross-examine" the reasonableness of the real party's past medical expenses "and arguably cannot present any such testimony based on the trial court's order." *See, e.g.*, *In re Brown*, 2019 WL 1032458, at *5, __ S.W.3d at __; *Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 494 (Tex. App.—Dallas 2016, pet. denied). In this original proceeding, relator does not separately brief or discuss the trial court's ruling as it pertains to relator's ability to address such issues through argument or cross-examination. Accordingly, we do not address these matters here, and our ruling is without prejudice to any issue that might be presented on this topic in the future.

GINA M. BENAVIDES,
Justice

Delivered and filed the
8th day of November, 2019.