**DENY and Opinion Filed February 18, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00375-CV

### IN RE JEREMIAH PARKS, Relator

**Original Proceeding from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-00112-B**

## MEMORANDUM OPINION
Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Bridges

Relator Jeremiah Parks filed this petition for writ of mandamus seeking to compel the trial court to vacate its February 25, 2019 orders granting real party in interest's motions to strike the section 18.001 counteraffidavits of relator's experts, Craig R. DuBois, M.D. and Roger Clifford D.C.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001.  Because we conclude that relator has an adequate remedy on appeal, we deny mandamus relief.

This original proceeding arises out of a personal injury action following a motor vehicle accident.  Pursuant to section 18.001 of the civil practice and remedies code, real party in interest Gabriela Veytsman served relator with affidavits from various medical providers regarding the reasonableness and necessity of medical expenses totaling $28,541.73 that she sought to recover in the lawsuit.  *See id.*  Relator, in turn, served counteraffidavits from neurologist Craig DuBois and chiropractor Roger Clifford.  *See id.* § 18.001(d), (e).  Real party moved to strike both counteraffidavits arguing neither doctor was qualified to controvert her section 18.001 affidavits.

The trial court agreed and struck the counteraffidavits of Dr. DuBois and Dr. Clifford. Relator argues the ruling is error. Further, relator argues mandamus relief is appropriate here because it "will spare the parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings" and "provide guidance on issues of statewide importance and prevent a waste of resources."

Mandamus is an extraordinary remedy granted only when the relator establishes an abuse of discretion by the trial court and an inadequate appellate remedy. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding). Thus, when the law provides a plain, adequate, and complete remedy, mandamus will not issue. *See In re CVR Energy, Inc.*, 500 S.W.3d 67, 80 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (op. on reh'g). There is no specific definition that captures the essence of what constitutes an adequate appellate remedy. *See In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (per curiam) (orig. proceeding). The test as to whether there is an adequate appellate remedy is practical and prudential, is not subject to simple categories or bright-line rules, and requires the careful balancing of jurisprudential considerations. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). The analysis includes "consideration of the degree to which 'important substantive and procedural rights' are subject to impairment or loss.'" *Id*.

A party is not entitled to mandamus relief simply upon showing it will be subject to delay, inconvenience, or expense if required to wait for correction on appeal. *See In re Casanova*, No. 05-14-01166-CV, 2014 WL 6486127, at *2 (Tex. App.—Dallas Nov. 20, 2014, orig. proceeding) (mem. op.). Instead, mandamus relief is more properly limited to those trial court errors that "'elude[ ] answer by appeal' and which forever deprive a party of a right that cannot be restored by reversal on appeal." *Id*. (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 138). The most frequent use of mandamus relief has involved cases where the very act of proceeding to trial,

regardless of the outcome, would defeat the substantive right involved. *See In re McAllen Med. Ctr., Inc*., 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). The supreme court has consistently held that as a general rule, mandamus relief is not appropriate to supervise or correct incidental rulings of a trial court when there is an adequate remedy by appeal. *See In re Entergy Corp*., 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding). The hesitancy to grant mandamus relief to correct incidental trial court rulings can be traced "to a desire to prevent parties from attempting to use the writ as a substitute for an authorized appeal." *Id*. at 321 (explaining that possibility relator would be forced to endure hardship of trial is, without more, insufficient to grant mandamus relief).

Historically, challenges to the trial court's ruling on a motion to strike a section 18.001 counteraffidavit have been addressed in a subsequent appeal from the final judgment in the underlying matter. *See Ten Hagen Excavating, Inc. v. Castro-Lopez,* 503 S.W.3d 463, 491–92 (Tex. App.—Dallas 2016, pet. denied); *Turner v. Peril*, 50 S.W.3d 742, 747 (Tex. App.—Dallas 2001, pet. denied); *Hong v. Bennett*, 209 S.W.3d 795, 798 (Tex. App.—Fort Worth 2006, no pet.). However, the Tyler Court of Appeals recently held that mandamus relief is available to review orders striking secton 18.001 counteraffidavits. *See In re Brown*, No. 12-18-00295-CV, 2019 WL 1032458, at *6 (Tex. App.—Tyler Mar. 5, 2019, orig. proceeding) (mem. op.). In reaching its conclusion, the Tyler court stated the defendants would lose substantial rights if the order striking the counteraffidavit were allowed to stand because they would be unable to present any evidence contradicting the affidavits of the plaintiff's medical providers. *Id*. at *5. We do not agree that a ruling on a section 18.001 counteraffidavit is the kind of significant ruling that is essential to preserve important substantive and procedural rights from impairment or loss. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The striking of a section 18.001 counteraffidavit is similar to the striking or exclusion of any other expert witness testimony. Typically, challenges to excluded expert testimony on a

particular damage element have been reviewed on appeal. *See Broders v. Heise*, 924 S.W.2d 148, 151–52 (Tex. 1996) (reviewing ruling on admissibility of expert testimony on direct appeal); *Morello v. Seaway Crude Pipeline Co.*, No. 01-16-00765-CV, 2018 WL 2305541, at *19–27 (Tex. App.—Houston [1st Dist.] May 22, 2018, pet. denied) (mem. op.) (addressing on appeal trial court's orders striking all or parts of opinions of six of appellant's experts in condemnation proceeding); *In re Schronk*, No. 10-11-00248-CV, 2011 WL 3850045, at *2–3 (Tex. App.—Waco Aug. 31, 2011, orig. proceeding) (mem. op) (denying mandamus relief for order striking expert testimony because relator had adequate remedy by appeal); *In re SDI Indus., Inc.*, No. 13-09-00128-CV, 2009 WL 781562, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 23, 2009, orig. proceeding) (mem. op.) (per curiam) (same); *In re Pilgrim's Pride Corp.*, No. 06-08-00109-CV, 2008 WL 4907589, at *2 (Tex. App.—Texarkana Nov. 17, 2008, orig. proceeding) (mem. op.) (same); *In re Thornton-Johnson*, 65 S.W.3d 137, 139 (Tex. App.—Amarillo 2001, orig. proceeding) (adequate remedy by appeal where relators' other claims and defenses unaffected by order excluding expert testimony).

Relator has not clearly established the impossibility of defending the underlying personal injury suit, nor has he shown that the exclusion of the section 18.001 counteraffidavits prevents him from defending against Veytsman's claims such that a trial would be a waste of judicial resources. In addition, relator has not shown that the available appellate remedy will cause him "the permanent loss of substantial rights." *See In re Kan. City S. Indus., Inc.*, 139 S.W.3d 669, 670 (Tex. 2004) (orig. proceeding). Section 18.001 affidavits and counteraffidavits address only the reasonableness and necessity of a plaintiff's past medical expenses, which is just one element of his or her claim for damages. Moreover, a defendant whose counteraffidavit is excluded may still cross-examine the plaintiff about her injuries and prior medical condition and make arguments contesting affidavits of reasonable and necessary expenses during opening and closing statements.

*See Ten Hagen Excavating*, 503 S.W.3d at 494.[1]  Additionally, because section 18.001 does not pertain to the necessary causal link between the accident and the alleged injuries, a defendant is still free to present evidence that the injuries for which the plaintiff was treated were not caused by the accident in the absence of a section 18.001 counteraffidavit.  *See Hong*, 209 S.W.3d at 804 n.4.  As a panel, we are bound by prior panel precedent.  *See Signature Mgmt. Team, LLC v. Quixtar, Inc.*, 281 S.W.3d 666, 671 n.1 (Tex. App.—Dallas 2009), *rev'd on other grounds*, 315 S.W.3d 28 (Tex. 2010).  Our conclusion that relator has an adequate remedy by appeal makes it unnecessary to address whether or not the trial court's ruling excluding the counteraffidavits of Dr. DuBois and Dr. Clifford constituted an abuse of discretion.

After examining and fully considering the petition for writ of mandamus, the response filed by real party in interest, relator's reply, the amicus brief filed by the Texas Association of Defense Counsel, the amicus brief filed by the Texas Trial Lawyers Association, and the applicable law, we conclude relator has not met his burden to obtain mandamus relief.  Accordingly, we deny the petition for writ of mandamus.

Schenck, J. dissenting

190375F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

---

[1] *See also In re Flores*, No. 01-19-00484-CV, 2020 WL 425297 (Tex. App.—Houston [1st Dist.] Jan. 28, 2020, orig. proceeding) (denying mandamus relief).  The court of appeals in *Flores* explained one of the most important reasons for denying mandamus was the ability of defense counsel to do the following at a trial where a counteraffidavit has been stricken:

> And perhaps most importantly, even when an 18.001(b) affidavit is admitted into evidence, the opposing party:
>
> • is *not* prevented from making arguments contesting the affidavits during opening statements and closing arguments, *Gutierrez*; *Ten Hagen*, 503 S.W.3d at 494;
>
> • *may* cross-examine the offering parties about their injuries and prior medical conditions, *Ten Hagen*, 503 S.W.3d at 494; *Grove*, 2004 WL 1686326, at *6; and
>
> • *may* introduce corresponding medical records. *Ten Hagen*, 503 S.W.3d at 494; *Grove*, 2004 WL 1686326, at *6.

*In re Flores*, 2020 WL 425297, at *1–2.