**N.A. BRYANT, Individually and D/B/A Bryant Oil Company, Appellant,**

**v.**

**TEXAS AMERICAN BANK/LEVELLAND, Appellee.**

**No. 07–89–0119–CV.**

Court of Appeals of Texas, Amarillo.

Sept. 20, 1990.

Rehearing Overruled Oct. 17, 1990.

Carr, Evans, Fouts & Hunt, Donald Hunt, Lubbock, for appellant.

Hook and Husen, Richard L. Husen, Levelland, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

**916**

DODSON, Justice.

N.A. Bryant, individually and d/b/a Bryant Oil Company (Bryant) appeals from the trial court's judgment in favor of the Texas American Bank/Levelland (Bank). In its action, the Bank sought to recover a deficiency judgment on certain promissory notes after the Bank had foreclosed on the deeds of trust on the real property securing payment of the notes. By his sole point of error, Bryant claims the trial court erred in rendering the deficiency judgment against him because the foreclosures were invalid since the Bank failed to give him notice of the sale "at least 21 days before the date of sale" as required by Section 51.002(b) of the Texas Property Code (Vernon 1990). Affirmed.

It is undisputed that the date of notice was 10 November 1987 and that the date of sale was 1 December 1987. Relying on *O'Connor v. Towns,* 1 Tex. 107, 114 (1846) and other authorities to the same effect, Bryant contends that the date of notice and the date of sale are excluded in computing the 21–day time period. That method of computation of the 21–day time period is no longer applicable to the sale of real property under contract liens.

Section 1.002 of the Texas Property Code (Vernon 1990) provides that "[t]he Code Construction Act (Chapter 311, Government Code) applies to the construction of each provision of this code, except as otherwise expressly provided by this Code."

The Texas Property Code does not have an express provision governing the method of computation of a period of time; therefore, Section 311.014(a) of the Code Construction Act applies in this instance.

In pertinent part, Section 311.014(a) of the Code Construction Act (Vernon 1988), provides that: "[i]n computing a period of days, the first day is excluded and the last day is included." Since Section 51.002(b) provides that "[n]otice of sale must be given at least 21 days before the date of sale," the proper method of computing the 21–day time period is to exclude the day of sale as the first day and then count backward 21 days including last or 21st day. Thus, 1 December 1987, the day of the sale, is excluded as the first day, then we must count backward 21 days to 10 November 1987, the 21st and last day of the period which is included in the computation of the time period. Consequently, we conclude that Bryant received the notice required by Section 51.002(b) of the Texas Property Code. Bryant's sole point of error is overruled.

The trial court's judgment is affirmed.