

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00082-CV
_____

MADISON SINGLETON, Appellant

V.

TERRY BOWMAN, INDIVIDUALLY, AND CLIFFORD P. GORE, INDIVIDUALLY AND
D/B/A CODE J. TRANSPORT, Appellees

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 13-C-0211-005

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

OPINION

On February 22, 2011, the stopped automobile which Madison Singleton was driving was struck from behind by the 25,000-pound dump truck driven by Terry Bowman while Bowman was in the course and scope of his employment with Clifford P. Gore, doing business as Code J. Transport. Singleton sued Bowman and Gore for personal injuries allegedly sustained as a result of the accident. Following a trial in which liability was uncontested, a Bowie County jury awarded Singleton $5,000.00 for physical pain and mental anguish sustained in the past and $7,000.00 for loss of earning capacity sustained in the past. No sums were awarded for other elements of damage, including expenses for medical care sustained in the past.

On appeal, Singleton argues (1) that the trial court erred in excluding medical expense affidavits and (2) that the jury's finding of zero damages for medical care expenses in the past was not supported by factually sufficient evidence. We find that the trial court erred in excluding Singleton's timely served medical expense affidavits and that Singleton was harmed as a result of that exclusion. Accordingly, we reverse the trial court's judgment and remand for a new trial on damages.[1]

I.    **The Trial Court Erred in Excluding Singleton's Timely Served Medical Expense Affidavits**

Section 18.001 of the Texas Civil Practice and Remedies Code states:

> (b)    Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

---

[1]Because our finding on Singleton's first point of error is dispositive, we will not address his second point of error.

(c)     The affidavit must:

. . . .

(3)     include an itemized statement of the service and charge.

(d)     The party offering the affidavit in evidence or the party's attorney must serve a copy of the affidavit on each other party to the case at least 30 days before the day on which evidence is first presented at the trial of the case. Except as provided by the Texas Rules of Evidence, the records attached to the affidavit are not required to be filed with the clerk of the court before the trial commences.

TEX. CIV. PRAC. & REM. CODE ANN. § 18.001 (West 2015).

Singleton obtained affidavits from several medical service providers showing the total amount of charges made, together with adjustments and write-offs, amounts paid, and amounts owed. The first page of each affidavit stated, "Attached to this affidavit are records that provide an itemized statement of the service and the charge for the service. . . . The attached records are a part of this affidavit." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.002(b-1) (West 2015) (setting forth the form of the affidavit). The question in this case concerns whether Singleton complied with Section 18.001(d)'s requirement to serve a copy of the affidavits described in Section 18.001(c) to opposing parties at least thirty days before the day on which evidence was first presented at the trial of the case.

Originally, all parties contemplated that trial would begin on April 18, 2017. From March 15 through March 17, 2017, Singleton e-filed the first pages of the affidavits with the clerk of the trial court. On appeal, Singleton argues merely that the documents were "e-served upon the Defendants at the same time they were E-filed." However, Section 18.001(c) requires an affidavit to include an itemized statement. Although the first page of the affidavit was filed with the clerk

3

of the trial court, the itemized statements were not filed. Pointing to subsection (d), Singleton argues that the attachments were not required to be filed with the clerk. While the records attached to an affidavit are not required to be filed with the clerk, the affidavit, which *must* include the itemized statement, was required to be timely served on the opposing party. Since the "e-served" documents did not contain the required itemization, the trial court concluded, after a hearing on the matter, that the defense was not served with an affidavit complying with Section 18.001(c)(3) until defense counsel's assistant informed Singleton on March 20, 2017, that the defense had never been served with the itemizations of Singleton's billing records.

At a April 17 pretrial hearing, Singleton argued that affidavits complying with Section 18.001(c)(3) had been served on defendants twenty-nine days before April 18, the day evidence was to be taken at trial. He asked the trial court for a continuance, which was denied. The trial court then granted defense counsel's motion to strike as untimely the affidavits filed on March 20, 2017. Singleton argues that this ruling was erroneous.

"A trial court's ruling in admitting or excluding evidence is reviewed for an abuse of discretion." *Jones v. Quiroga*, No. 06-17-00016-CV, 2017 WL 3382452, at *4 (Tex. App.—Texarkana Aug. 3, 2017, no pet.) (mem. op.) (citing *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000)). "An appellate court must uphold a trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling." *Id.* (citing *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)).

"Section 18.001 is an evidentiary statute that . . . 'allows for the admissibility, by affidavit, of evidence of the reasonableness and necessity of charges that would otherwise be inadmissible

4

hearsay.'" *Rumzek v. Lucchesi*, No. 08-15-00067-CV, 2017 WL 5477564, at *9 (Tex. App.—El Paso Nov. 15, 2017, no pet.) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 18.001 (West 2015)). "[A]s long as the requirements of Section 18.001 are met . . . , a party may dispense with the inconvenience and expense of obtaining an expert to testify as to the necessity and reasonableness of the expenses." *Jones*, 2017 WL 3382452, at *4 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b)). However, if a party fails to comply with Section 18.001(d) by timely serving the affidavit on the parties, a trial court does not abuse its discretion in sanctioning a party by excluding the affidavits. *Id.* This is because "[t]he Legislature set out the deadline for service of cost affidavits in mandatory language." *Nye v. Buntin*, No. 03-05-00214-CV, 2006 WL 2309051, at *3 (Tex. App.—Austin Aug. 11, 2006, pet. denied) (mem. op.) ("While exclusion is not expressly the only potential consequence of noncompliance, it is a reasonable sanction.").

Because the trial court was operating under the premise that evidence would be presented on April 18, the trial court originally granted the motion to strike the medical expense affidavits. However, due to intervening circumstances, evidence was actually first presented at trial on April 19, 2017, not April 18. On that day, Singleton again sought to admit the medical expense affidavits which were served on March 20. The trial court excluded them again, improperly.

Rule 18.001(d) required Singleton to serve complying affidavits "30 days before the day on which evidence [was] first presented at the trial of the case." TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(d). Bowman and Gore argue that the affidavits filed on March 20, 2017, were

untimely even though evidence was actually first presented to the jury on April 19, 2017.[2] We disagree.

The Code Construction Act applies to Rule 18.001(d). TEX. CIV. PRAC. & REM. CODE ANN. § 1.002 (West 2017). Under the computation of time provision of the Act, "[i]n computing a period of days, the first day is excluded and the last day is included." TEX. GOV'T CODE ANN. § 311.014(a) (West 2013). Determining whether Bowman and Gore were served at least thirty days before evidence was first presented requires a backwards computation. *See Onwuteaka v. Cohen*, 846 S.W.2d 889, 893 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Thus, in computing the thirty-day period, the day evidence was first presented at trial, April 19, is excluded, and the date the affidavits were served, March 20, is included. *See id.* (citing *Bryant v. Tex. Am. Bank/Levelland*, 795 S.W.2d 915, 916 (Tex. App.—Amarillo 1990, writ dism'd by agr.); *Hausmann v. Tex. Savings & Loan Ass'n*, 585 S.W.2d 796, 801 (Tex. Civ. App.—El Paso 1979, writ ref'd n.r.e.)). Therefore, counting April 18, 2017, and each day back to March 20, 2017, we count thirty days. *See id.* Because Bowman and Gore were served with complying affidavits on March 20, they were served thirty days before evidence was first presented to the jury at trial. *See id.*; *Fonseca v. Hidalgo Cty. Water Improvement Dist. No. 2*, 496 F.2d 109, 111 (5th Cir. 1974). Accordingly, Singleton served complying affidavits to the defense in a timely manner.

---

[2]Bowman and Gore alternatively argue that evidence was presented to the court on April 18 because the trial court pre-admitted several exhibits. However, the jury was not selected at that time, and the rule requires us to calculate the thirty-day period from the day that evidence is presented at trial. The jury was seated and opening statements began on April 19.

Because the medical expense affidavits were timely served, the trial court's decision to exclude them on the day of trial was erroneous. We sustain Singleton's first point of error and determine whether it was harmful.

## II. Singleton Was Harmed by the Exclusion of Medical Expense Affidavits

At trial, Singleton testified that he incurred a total of $195,530.00 in medical expenses for all of the treatment received after the accident. The jury was asked, "What sum of money, if paid now in cash, would fairly and reasonably compensate Madison Singleton for his injuries, if any, that resulted from the occurrence in question?" Although Singleton presented evidence that he incurred medical expenses in the past, the jury awarded nothing for those expenses. We believe that the jury's verdict was the result of the exclusion of the medical expense affidavits. Accordingly, we conclude that the exclusion of the affidavits "probably caused the rendition of an improper judgment." TEX. R. APP. P. 44.1(a)(1).

### A. Evidence of Singleton's Injuries

Singleton was forty-five years old at the time of the February 22, 2011, "violent" accident. Singleton testified that he was bleeding out of his mouth, but denied ambulance service because his dog was with him and he did not wish to leave him on the side of the road. Instead, Singleton opted to wait for a friend, Troy Nipper, to pick him up. Nipper testified that Singleton "was banged up . . . pretty good" and had difficulty walking. After Singleton was dropped off at his father's house, he took a shower and went to the emergency room.

Emergency room records from the date of the accident established that Singleton presented with multiple contusions; complained of hip, back, and neck pain; and was spitting up blood.

7

Advanced imaging on that date demonstrated that Singleton's bladder had collapsed and that he had a degenerative condition called bilateral avascular necrosis (AVN), which his doctors described at trial as "basically a softening of the bone beneath the cartilage rim" caused by the loss of blood supply to bone marrow. Additionally, according to defense expert Dr. R. David Bauer, CAT scans on the date of the accident showed degenerative changes to the cervical spine.

Singleton testified that his main pain was from the hernia. On March 10, 2011, medical records demonstrated that Singleton had a symptomatic traumatic ventral hernia and multiple skeletal complaints. Dr. William Tompkins wrote that the abdominal tear required repair as soon as possible. On March 14, 2011, Dr. Douglas E. Thompson, an orthopedic surgeon, wrote that Singleton "apparently had a hernia repaired by Dr. Tompkins."[3] On March 14, 2011, Thompson treated Singleton for pain in his leg and hip. Thompson's note demonstrated that Singleton had soft tissue injuries. On April 25, 2011, Singleton went to Healthcare Express for neck and back pain.

At trial, Bauer, who was hired to review Singleton's medical records, testified, "There was an injury. It was soft tissue strains and contusions and the physiologic effects of those resolved within 90 days." Bauer then agreed that medical expenses incurred in treating Singleton for those orthopedic conditions in the first ninety days were "fair and reasonable."[4]

---

[3]When questioned about this, Singleton testified that Thompson was incorrect and denied undergoing a hernia repair at that time.

[4]Although evidence was presented that Singleton suffered injury after the first ninety days following the accident, we will refrain from discussing the nature of those injuries in this opinion since the issue of damages is remanded for a new trial.

During closing argument, defense counsel said, "Dr. Bauer states the first 90 days is reasonable. I don't disagree with him." During deliberations, the trial court made the following announcement:

> The Court has received jury request -- Jury Question No. 1 which indicates that we need billing for all medical related to hernia and emergency room, along with any medical bills or documents for the first 90 days following the accident. Signed by the foreperson. They have not articulated -- the Court's not going to go separate out which exhibits are which. They clearly have articulated a request for exhibits, so I'm just going to provide them all of the written documentation exhibits from both sides and then they can go through those and decide what it is they're looking for based upon the exhibits being provided.

Critically, no medical billing records for the first ninety-day period were included in the exhibits that were admitted into evidence for the jury's consideration. Accordingly, the jury was presented with no evidence of the medical expenses incurred after the accident for that time period.[5] They rendered a zero-dollar verdict on this damage element.

"A plaintiff's claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary." *Jones*, 2017 WL 3382452, at *5 (citing *Texarkana Mem'l Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 840 (Tex. 1997)). "There are three needed elements in proving damages for past medical expenses: (1) the amount of the charges for the medical expenses; (2) the reasonableness of the charges; and (3) the necessity of the charges." *Id.* (citing *Owens v. Perez*, 158 S.W.3d 96, 110 (Tex. App.—Corpus Christi 2005, no pet.)). "A plaintiff may prove that medical expenses were reasonable and necessary either by (1) presenting

---

[5]Defense counsel also stated during argument that "based upon a review of the medical expenses, that $7,552.50 is what's related and within the first 90 days." However, unsworn statements of counsel during a jury trial are not evidence. *See U.S. Gov't v. Marks*, 949 S.W.2d 320, 327 (Tex. 1997).

expert testimony or (2) through the submission of affidavits that are compliant with Section 18.001 of the Texas Civil Practice and Remedies Code." *Id.* (citing *Hilland v. Arnold*, 856 S.W.2d 240, 241 (Tex. App.—Texarkana 1993, no pet.)).

Although Singleton complied with Section 18.001, his medical expense affidavits were excluded on the day of trial. The defendant's expert agreed that some past medical expenses were reasonable and necessary, and the jury's note and other damage awards indicated that it believed Singleton had some compensable injury. However, because the only evidence of the reasonableness and necessity of his medical charges was improperly excluded, the jury had nothing before it to determine the amount of incurred medical expenses.[6] Thus, we determine that the exclusion of the medical expense affidavits probably caused the rendition of an improper judgment.

## III. Conclusion

We reverse the trial court's judgment and remand the issue of damages for a new trial.

Bailey C. Moseley
Justice

Date Submitted: January 29, 2018
Date Decided: February 23, 2018

---

[6]"A jury may not . . . arbitrarily assess an amount neither authorized nor supported by the evidence presented at trial." *McCall*, 2015 WL 575667, at *4 (quoting *First State Bank v. Keilman*, 851 S.W.2d 914, 930 (Tex. App.—Austin 1993, writ denied)). "In other words, a jury may not 'pull figures out of a hat'; a rational basis for calculation must exist." *Id.* (quoting *Neiman-Marcus Grp., Inc. v. Dworkin*, 919 F.2d 368, 372 (5th Cir. 1990)).