**Dissenting Opinion Filed July 18, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

---

**No. 05-22-00531-CV**

---

**TATIA ORTIZ, Appellant**
**V.**
**RAMU NELAPATLA, Appellee**

---

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-02383-2020**

---

# DISSENTING OPINION

Before Justices Partida-Kipness, Smith, and Breedlove
Dissenting Opinion by Justice Partida-Kipness

The majority's interpretation of section 18.001 disregards its plain language and will lead to misguided and unjust results that violate the statute's purposes. I, therefore, dissent.

To begin, the majority's decision is contrary to the plain language of the statute. A claimant's Section 18.001 affidavit "is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary" if a "controverting affidavit" is not served as provided under

section 18.001. *See* TEX. CIV. PRAC. & REM. CODE § 18.001(b). To comply with the statute, a counteraffidavit must:

> [G]ive reasonable notice of the basis on which the party serving it intends at trial to controvert the claim reflected by the initial affidavit and must be taken before a person authorized to administer oaths. The counteraffidavit must be made by a person who is qualified, by knowledge, skill, experience, training, education, or other expertise, to testify in contravention of all or part of any of the matters contained in the initial affidavit. The counteraffidavit may not be used to controvert the causation element of the cause of action that is the basis for the civil action.

TEX. CIV. PRAC. & REM. CODE § 18.001(f).

Section 18.001, thus, speaks in terms of "affidavits" proving up a claimant's reasonable and necessary expenses for services such as medical expenses, and "counteraffidavits" filed "to controvert" the claims made in the initial affidavit. *See* TEX. CIV. PRAC. & REM. CODE § 18.001(b), (e), (f). Black's Law Dictionary defines "controvert" as follows:

> To dispute or contest; esp., to deny (as an allegation in a pleading) or oppose in argument <the allegations in Peck's pleadings were never adequately controverted>.

*Controvert*, BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Controvert*, https://www.merriam-webster.com/dictionary/controvert (last visited June 20, 2023) (defining controvert as "to dispute or oppose by reasoning.").

Applying the plain terms of the statute, I would hold the portions of a Section 18.001 affidavit that are not controverted (i.e., are not disputed, contested, or opposed) by a counteraffidavit remain admissible and constitute sufficient evidence

to support a finding that the uncontroverted amount charged was reasonable or the service was necessary because no controverting affidavit was filed **_as to those expenses_**. Without a controverting affidavit, the initial affidavit "is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary." *See* Tex. Civ. Prac. & Rem. Code § 18.001(b).

In the majority opinion, my colleagues conclude a counteraffidavit is sufficient to render the initial affidavit inadmissible in total if the counteraffidavit is filed and complies with section 18.001(f). According to the majority, a counteraffidavit is compliant if it is made by a qualified person and contravenes all or part of the initial affidavit, and "to be compliant, a counteraffidavit need not fully controvert a plaintiff's affidavit." Under this holding, the majority affirms the trial court's decision to bar admission of the Section 18.001 affidavits in their entirety rather than only those parts of the affidavits controverted by a counteraffidavit. They essentially hold that the substance of a counteraffidavit is irrelevant if it is facially compliant with section 18.001(f). By interpreting section 18.001 as an all-or-nothing provision, the majority ignores what it means to controvert evidence. Moreover, the majority's interpretation ignores the statute's requirement that a counteraffidavit "give reasonable notice of the basis on which the party serving it intends at trial to controvert the claim reflected by the initial affidavit." *See* Tex. Civ. Prac. & Rem.

CODE § 18.001(f). I disagree with this interpretation and believe it is contrary to the plain language of the statute.

The majority's contrary interpretation also conflicts with this Court's opinion in *Rountree v. Cavazos*, No. 05-16-00512-CV, 2017 WL 2730422, at *1 (Tex. App.—Dallas June 26, 2017, no pet.) (mem. op.). In *Rountree*, the trial court admitted into evidence at trial Section 18.001 affidavits from five of the claimant's medical providers and the counteraffidavit provided by the defendant's expert, Dr. West. *Id.* at *3. On appeal, the defendant, Skyler Rountree, challenged the admission of the billing records. *Id.* Rountree argued the billing records should have been excluded from evidence because she served the counteraffidavit from Dr. West. *Id.* This Court disagreed. *Id.* We explained that Dr. West's counteraffidavit included "no discussion of the amounts charged for any service and why the amounts charged were unreasonable for the time and place the service was provided." *Id.* at *4. We concluded that, although Dr. West's counteraffidavit addressed the necessity of the services provided, it failed to controvert the reasonableness of the medical bills. *Id.* Therefore, "the counteraffidavit did not give reasonable notice of the basis on which Rountree intended at trial to controvert the claim in the initial affidavits that the amount charged was reasonable for the time and place." *Id.* We affirmed the trial court's admission of the medical billing affidavit to establish the reasonableness of the fees charged. *Id.*

I would apply this same logic and analysis to the question posed in the case before us. Here, the counteraffidavits controverted some but not all of the medical expenses included in Ortiz's Section 18.001 affidavits. In other words, like in *Rountree*, the counteraffidavits here controverted only part of the Section 18.001 affidavits. In *Rountree*, we affirmed admission of the uncontroverted portions of the section 18.001 affidavit even though other parts of the affidavit were controverted and inadmissible. Logic dictates the same result in this case. I would conclude the uncontroverted portions of Ortiz's Section 18.001 affidavits were admissible because they were not controverted by counteraffidavit. As a result, the counteraffidavits did not comply with section 18.001(f) as to the uncontroverted expenses because they did not "give reasonable notice of the basis on which the party serving it intends at trial to controvert the claim reflected by the initial affidavit." *See*, *e.g.*, *Rountree*, 2017 WL 2730422, at *4; *see also Turner v. Peril*, 50 S.W.3d 742, 748 (Tex. App.—Dallas 2001, pet. denied). The counteraffidavits did not give Ortiz reasonable notice that Nelapatla was challenging the uncontroverted expenses. I would hold the counteraffidavits did not remove Ortiz's ability to rely on her affidavits to avoid adducing expert testimony on those uncontroverted expenses. *See* TEX. CIV. PRAC. & REM. CODE § 18.001(b) ("Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that

the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.").

Further, today's ruling undermines the purposes of section 18.001 to streamline proof and lower litigation costs. Section 18.001 is a "purely procedural statute" designed to "streamline proof of the reasonableness and necessity of medical expenses." *In re Allstate Indem. Co.*, 622 S.W.3d 870, 881 (Tex. 2021) (orig. proceeding) (quoting *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011)); *Henry v. Thompson*, No. 01-01-01211-CV, 2003 WL 1091766, at *3 (Tex. App.— Houston [1st Dist.] Mar. 13, 2003, no pet.) (mem. op.) ("The purpose of section 18.001 is to dispense with the required expert testimony in situations where the medical expenses are uncontested."). As this Court has recognized, an additional benefit of section 18.001 is significantly decreased litigation costs, especially for claimants in personal injury suits. *Rountree*, 2017 WL 2730422, at *1 ("A medical provider's section 18.001 affidavit can save a plaintiff the expense of having to hire an expert to testify that her medical expenses were reasonable and necessary."); *Turner*, 50 S.W.3d at 746 ("Section 18.001 provides a significant savings of time and cost to litigants, particularly in personal injury cases, by providing a means to prove up the reasonableness and necessity of medical expenses."). The majority's interpretation of the statute unnecessarily increases a claimant's costs by requiring the claimant to hire an expert to testify to the reasonableness and necessity of uncontroverted expenses.

Here, a Section 18.001 affidavit filed by Ortiz reflected $11,250.00 charged by LifeSciences Imaging Partners, Inc. In her counteraffidavit, Guitreau concluded $9,774.54 of the charges were "fair and reasonable" because they fell below the "50% percentile" threshold Guitreau used in her analysis. Guitreau stated the remaining $1,475.46 were not fair and reasonable charges because they exceeded the 50% percentile threshold. Guitreau, therefore, controverted only $1,475.46 of the total charges. Similarly, a Section 18.001 affidavit filed by Ortiz showed $6,415 charged by Synergy Sports Rehab. In his counteraffidavit, Le Cara stated the "[t]otal of reasonable and necessary chiropractic bills at usual and customary fees was $2,950." He also stated that "a portion of the medical treatment and charges were not reasonable and necessary." Le Cara concluded that certain "modalities and procedures were not medically necessary, or the medical records provided did not substantiate the use of the code" and listed certain CPT codes as not medically necessary. But he did not state a specific amount of charges he deemed unreasonable or unnecessary. I presume, as Ortiz does, that Le Cara controverted the remaining $3,456 charged by Synergy Sports Rehab charges.

I conclude Ortiz should not have been required to incur the expense of hiring an expert witness to testify the $9,774.54 charged by LifeSciences Imaging Partners, Inc. and the $2,950 charged by Synergy Sports Rehab were reasonable and the services necessary, when neither Guitreau nor Le Cara said those expenses were unreasonable or unnecessary. In fact, Guitreau and Le Cara concluded those charges

–7–

were reasonable and necessary. The trial court's refusal to admit the uncontroverted portions of Ortiz's Section 18.001 affidavits is contrary to the purpose of the statute and should be reversed.

Finally, the majority's ruling today will result in absurd and unjust results and presents non-claimants with an opportunity for gamesmanship. Consider this example: A claimant files a Section 18.001 affidavit showing $100,000 in medical expenses, and the defendant files a counteraffidavit challenging a single line-item expense of $100. Under today's ruling, the claimant's entire affidavit is inadmissible, and the claimant must hire an expert to testify for her at trial as to all the provider's charges, not just the $100 challenged by counteraffidavit. Such a result benefits only the defendant, undermines the purposes of the statute, and should not stand.

In this case, I would conclude the trial court abused its discretion by excluding the portions of the Section 18.001 affidavits the counteraffidavits did not controvert. I would also find the error was harmful because the jury was not permitted to consider any of the bills from LifeSciences Imaging Partners, Inc. and Synergy Sports Rehab. As a result, the jury was presented with no evidence of medical expenses for those treatments, and Ortiz was awarded zero dollars for those expenses. *See Singleton v. Bowman*, 557 S.W.3d 711, 716–17 (Tex. App.—Texarkana 2018, pet. denied) (harmful error to exclude all medical billing records for the first ninety-day period because the jury was presented with no evidence of

the medical expenses incurred after the accident for that time period and rendered a zero-dollar verdict on that damage element); *see also Tex. Health Harris Methodist Hosp. Fort Worth v. Featherly*, 648 S.W.3d 556, 582 (Tex. App.—Fort Worth 2022, pet. denied) ("Because the evidence that Featherly endorsed the contract and the dollar amount of the bill was crucial to the key issue of ratification, the erroneous exclusion of that evidence was harmful and reversible.").

Accordingly, I would reverse the judgment and remand to the trial court for a new trial on liability and damages. *See* TEX. R. APP. P. 44.1(b) (court of appeals may not order separate trial solely on unliquidated damages if liability is contested); *see also Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001) (remand for new trial only on damages issue is improper even where appellant did not challenge liability post-judgment); *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 275 (Tex. 1995) ("[A]n appellate court generally may not reverse and render a different judgment based on excluded evidence."). Because the majority opinion fails to do so and, in the process, disregards the plain language of the statute, undermines the statute's purposes and intent, and conflicts with a prior opinion from this Court, I dissent.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

220531DF.P05

–9–