Brian Hoyle, Justice
Lynn D. Cousins, Jr., Relator, filed this original proceeding to challenge the denial of his second amended motion for court-ordered payment of legal fees and litigation expenses.[1] We deny the writ.
*916 BACKGROUND
Cousins, acting individually as a residual beneficiary and as co-trustee of the Turn Administrative Trust, the Betty L. Turn Family Trust, the J.R. & B.L. Turn Living Trust, and the James R. Turn Marital Trust sued James R. Turn, individually and as co-trustee of the four Trusts for breach of fiduciary duties. The Marital Trust consists of a main account trust and a sub account trust. Cousins is Betty's son and James's step-son. According to the petition, James and Cousins are co-trustees of each Trust with the exception of the Marital Trust's main account. Among his claims for relief, Cousins sought an order requiring James to submit to a mental examination, moved for a show of authority, sought payment of his interim legal fees and litigation expenses from the trusts, compensation as co-trustee, statutory accountings, removal of James as trustee or co-trustee for the Trusts, removal of any successor trustees appointed by James, imposition of a constructive trust, a declaratory judgment, damages for breach and tortious interference with inheritance rights, injunctive relief, and attorney's fees. In an affidavit, Cousins alleged that James failed to inform him that he was a co-trustee of any of the Trusts, refused to give Cousins information regarding the Trusts or access to trust funds, and refused to prepare statutory trust accountings. James filed a counterclaim alleging breach of fiduciary duties and seeking a declaratory judgment and injunctive relief.
On January 24, 2018, Cousins filed his second amended motion for court ordered payment of his legal fees and litigation expenses from the Trust estates, based on Section 114.063 of the Texas Trust Code. At a hearing on the motion, Cousins' counsel argued that the Texas Trust Code and the trust agreement authorized reimbursement for attorney's fees. Counsel stated, "We're not asking you to award us attorney fees we're asking for access to the trust to pay our ongoing legal expenses." Counsel informed Respondent that incurred fees totaled just over $650,000 and that "[i]t's not our burden today when seeking interim attorney's fees to do any proof to show what's reasonable and necessary at this stage in the game." Respondent denied Cousins' motion on April 10. This original proceeding followed.
PREREQUISITES TO MANDAMUS
Mandamus is an extraordinary remedy. In re Sw. Bell Tel. Co., L.P. , 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. In re Cerberus Capital Mgmt., L.P. , 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. In re Fitzgerald , 429 S.W.3d 886, 891 (Tex. App.-Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." In re Tex. Dep't of Family and Protective Servs. , 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).
ADEQUATE REMEDY
In this proceeding, Cousins contends that an "incorrect ruling on a trustee's access to trust funds to pay ongoing attorney's fees during the administration of, and litigation involving, the trust is a significant ruling that [ ] requires mandamus review." He maintains that, by pursuing the underlying litigation, he is fulfilling his duty as co-trustee to investigate James's actions and Respondent previously found his lawsuit to be well-founded, having "granted a partial summary judgment for Cousins, concluding that [James] Turn breached his fiduciary duty by [failing] to *917 fund one of the trusts named in the trust instrument."[2]
Applicable Law
In certain circumstances, incidental trial court rulings can be corrected by writ of mandamus. In re Entergy Corp , 142 S.W.3d 316, 321 (Tex. 2004). However, mandamus relief from a non-appealable interlocutory order requires the showing of a serious denial of a right for which the remedy by appeal is inadequate. In re East Tex. Med. Ctr. , No. 12-17-00183-CV, 2017 WL 4675511, at *2 (Tex. App.-Tyler Oct. 18, 2017, orig. proceeding) (mem. op.). "The operative word, 'adequate', has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." In re Prudential Inc. Co. of Am. , 148 S.W.3d 124, 136 (Tex. 2004). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." Id . If the benefits outweigh the detriments, an appellate court must consider whether the appellate remedy is adequate. Id . This determination is not an abstract or formulaic one; it is practical and prudential. Id . Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. Id.
"Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation." Id ."As a selective procedure, mandamus can correct clear errors in exceptional cases and afford appropriate guidance to the law without the disruption and burden of interlocutory appeal." Id . at 138. We must be mindful that the benefits of mandamus review are easily lost by overuse. Id . An appellate court will exercise jurisdiction not merely because inaction would cause hardship to the parties, but because special, unique circumstances mandate the appellate court's intervention. See In re Entergy Corp , 142 S.W.3d at 321.
Analysis
Cousins relies on Section 114.063 of the Texas Trust Code to support his contention that mandamus review is proper in this case, arguing that Respondent's order denies him "this statutory right to ongoing reimbursement." Section 114.063 provides, in pertinent part, that a trustee may discharge or reimburse himself from trust principal or income or partly from both for expenses incurred while administering or protecting the trust or because of the trustee's holding or owning any of the trust property. TEX. PROP. CODE ANN. § 114.063(a)(2) (West 2014). The trustee has a lien against trust property to secure reimbursement. Id . § 114.063(b). In any proceeding under the Texas Trust Code, "the court may make such award of costs *918 and reasonable and necessary attorney's fees as may seem equitable and just." Id . § 114.064(a) (West 2014).
According to Cousins, "[a]n incorrect ruling on a trustee's access to trust funds to pay ongoing attorney's fees during the administration of, and litigation involving, the trust is a significant ruling that [ ] requires mandamus review." He argues that Section 114.063 applies to reimbursement during the lawsuit and that Section 114.064, but not Section 114.063, applies at the end of the litigation. Consequently, he contends that an appeal after final judgment is inadequate to remedy the denial of his claim for attorney's fees during pendency of the litigation. He further maintains that absent mandamus review, Section 114.063 's application evades appellate review and he will be forced to pursue litigation with his personal funds, which is "particularly egregious here when the trial court has already found a breach of fiduciary duty and thus validated some of Cousins's claims." Cousins also argues that mandamus review affords this Court the opportunity to "give guidance to the trial court and to address an important issue in trust administration." For three reasons, we disagree that appellate review is an inadequate remedy under the circumstances of this case.
First, as the Texas Supreme Court has explained, "[m]andamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss[.]" In re Prudential Inc. Co. of Am. , 148 S.W.3d at 136. "The requirement that there be no other adequate remedy by law is met when parties are in danger of permanently losing substantial rights." In re East Tex. Med. Ctr., 2017 WL 4675511, at *2. This danger "arises when the appellate court would not be able to cure the trial court's error, when the party's ability to present a viable claim is vitiated, that is, when the party is effectively denied a reasonable opportunity to develop the merits of its case, so that the trial would be a waste of judicial resources, or when the error cannot be made part of the appellate record, making appellate review impossible." Id .
According to Cousins, "[p]roceeding forward with the litigation without mandamus relief jeopardizes Cousins's ability to diligently pursue his breach-of-fiduciary-duty lawsuit against [James], as Cousins is obligated by statute to do." However, the denial of Cousins' motion does not deprive him of a reasonable opportunity to develop the merits of his case, such that the proceedings would be a waste of judicial resources. An example of one such case arises "when a trial court imposes discovery sanctions which have the effect of precluding a decision on the merits of a party's claims -such as by striking pleadings, dismissing an action, or rendering default judgment-a party's remedy by eventual appeal is inadequate, unless the sanctions are imposed simultaneously with the rendition of a final, appealable judgment." Walker v. Packer , 827 S.W.2d 833, 843 (Tex. 1992). As the Amarillo Court of Appeals explained:
[W]hen pleadings are struck, actions dismissed, or default judgments entered, the party against whom the action is taken has little else to do. Under those circumstances, he has no realistic opportunity to develop a viable claim or defense. Indeed, his proceeding to trial could be viewed as a waste of judicial time since the outcome of the suit has been all but determined. The same cannot be said, however, when the litigant has other claims or defenses unaffected by the trial court's decision. Under those circumstances, he has matters to pursue in a trial and their eventual outcome of the proceeding has not been pre-determined.
*919 In re Thornton-Johnson , 65 S.W.3d 137, 139 (Tex. App.-Amarillo 2001, orig. proceeding). Accordingly, Respondent's denial of Cousins' motion is simply not the type of ruling that has the effect of precluding a decision on the merits. See Walker , 827 S.W.2d at 843. Cousins may still pursue his claims against James, including a claim for reimbursement under Section 114.063, and the eventual outcome has not been pre-determined by Respondent's ruling. See Thornton-Johnson , 65 S.W.3d at 139 ; see also In re Empower Texas, Inc. , No. 03-18-00220-CV, 2018 WL 1802515, at *3 (Tex. App.-Austin Apr. 17, 2018, orig. proceeding) (mem. op.) (recognizing that the "most frequent use of mandamus relief by the supreme court involves cases in which the very act of proceeding to trial-regardless of the outcome-would defeat the substantive right involved"). Nor do we perceive a danger that an appellate court would be unable to cure any error through ordinary appeal or that the error could not be made part of the appellate record, thereby precluding appellate review of any issues related to Section 114.063.
Second, we are not persuaded that mandamus review is essential to give needed and helpful direction regarding Section 114.063 that would otherwise prove elusive in an appeal from a final judgment. See In re Prudential Inc. Co. of Am. , 148 S.W.3d at 136. Section 114.063 was added in 1983 and amended in 1993, and few appellate courts have cited to or substantially analyzed that section. See Act of May 27, 1983, 68th Leg., R.S., ch. 567, art. 2, § 2, 1983 Tex. Gen. Laws 3269, 3376; see also Act of May 28, 1993, 73rd Leg., R.S., ch. 846, § 31, 1993 Tex. Gen. Laws. 3337, 3350. Additionally, the Texas Trust Code expressly authorizes a court to "make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just." TEX. PROP. CODE ANN. § 114.064(a). We see no reason why a trial court's authority to award costs and attorney's fees would not encompass claims to reimbursement under Section 114.063. Thus, although Cousins' petition may present a question of first impression, we cannot conclude that the petition involves a legal issue that is likely to recur such that mandamus review, as opposed to a direct appeal from a final judgment, is necessary. See In re Team Rocket, L.P. , 256 S.W.3d 257, 262 (Tex. 2008) (considering whether petition involved a legal issue that is likely to recur, such as the construction of Texas venue statutes and related rules in the context of a voluntary nonsuit, as demonstrated by the court of appeals' decisions that have already addressed it). Should Cousins find the verdict on his reimbursement claim to be unsatisfactory, he may appeal from the final judgment on that claim and nothing prevents him from relying on Section 114.063 in a direct appeal. See Canadian Helicopters Ltd. v. Wittig , 876 S.W.2d 304, 306 (Tex. 1994) ("[i]n most circumstances an appeal will provide an adequate remedy").
Finally, Cousins' complaint that he must utilize personal funds[3] to pursue *920 the litigation is tantamount to an assertion that doing so makes the proceeding more costly or inconvenient. This fact, standing alone, does not warrant mandamus review. See In re Team Rocket, L.P. , 256 S.W.3d at 262. This is particularly true given that, as previously discussed, the denial does not preclude Cousins from presenting a claim for reimbursement at trial and, consequently, Respondent's failure to grant the motion does not result in an irreversible waste of resources. See id. at 263. Accordingly, Respondent's denial of Cousins' motion is simply not the type of ruling that justifies extraordinary relief, such as when a ruling subjects taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials. See ids="8213302" index="22" url="https://cite.case.law/sw3d/256/257/#p262">id. at 262.
Accordingly, under the circumstances of this case, we conclude that an ordinary appeal of the order denying Cousins' motion for court ordered payment of his legal fees and litigation expenses from the Trust estates serves as a plain, adequate, and complete remedy. See Tex. Dep't of Family and Protective Servs. , 210 S.W.3d at 613. For this reason, Cousins fails to meet his burden of establishing both prerequesites to mandamus relief. See Cerberus Capital Mgmt., L.P. , 164 S.W.3d at 382 ; see also Fitzgerald , 429 S.W.3d at 891.
DISPOSITION
Having determined that Cousins failed to establish his entitlement to mandamus relief, we deny the petition for writ of mandamus. We lift our stay of proceedings ordered on April 27, 2018. All pending motions are overruled as moot .

Respondent is the Honorable Robert C. Wilmoth, sitting by assignment for the 349th District Court in Houston County, Texas. The Real Parties in Interest are James R. Turn and Virginia Sessions Turn. Other interested parties include Catherine Golden and Robert Craig Turn. Intervenor is Edward D. Jones and Company.

The trust code allows a trustee to "employ attorneys, accountants, agents, including investment agents, and brokers reasonably necessary in the administration of the trust estate." Tex. Prop. Code Ann. § 113.018(a) (West 2014). Furthermore, each trustee "shall exercise reasonable care to: (1) prevent a cotrustee from committing a serious breach of trust; and (2) compel a cotrustee to redress a serious breach of trust." Id . § 114.006(b) (West 2014).

Citing In re Lennar Homes of Texas Sales and Marketing, Ltd. , No. 02-15-00174-CV, 2015 WL 4366046 (Tex. App.-Fort Worth July 15, 2015, orig. proceeding) (mem. op.), Cousins opines that Respondent's ruling forces him to "put his personal net worth on the line" in order to pursue a lawsuit against his co-trustee and "radically skews the procedural dynamics." In Lennar , the parties' contract required Lennar to pay for one day of mediation and thereafter the parties shared the fees equally, but the trial court impermissibly rewrote the contract to require Lennar to pay the entire fee. In re Lennar , 2015 WL 4366046, at *2, 4. Id . at *1, 4. The Fort Worth Court explained that mandamus is appropriate when a trial court's order regarding the payment of fees can "radically skew the procedural dynamics of the case." Id . at *4. Thus, "the trial court abused its discretion by not following the parties' contract and thereby skewed the procedural dynamics of the case in a manner inconsistent with the contract." Id .Lennar cited a case in which the Texas Supreme Court explained, "Requiring a party to advance the litigation costs of the opposition in addition to its own expenses so skews the litigation process that any subsequent remedy by appeal is inadequate." Travelers Indem. Co. of Conn. v. Mayfield , 923 S.W.2d 590, 595 (Tex. 1996). The present case is not one in which Respondent's ruling requires Cousins to cover his own litigation expenses, as well as advancing James's expenses. That James may draw from the trust to pay his litigation costs and Cousins cannot, at least at this juncture, does not amount to a skewing of the litigation process as contemplated in Lennar and Mayfield .