**DENY; and Opinion Filed September 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00980-CV

## IN RE TUNAD ENTERPRISES, INC., Relator

**Original Proceeding from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-00618-2016**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Boatright

The underlying proceeding is a suit to recover a security deposit brought by the real party in interest Martin Palma d/b/a Liz Palma ("Palma") against his former landlord, relator Tunad Enterprises, Inc. In this original proceeding, relator complains of the trial court's August 30, 2018 written order denying relator's request for attorney's fees incurred in a prior mandamus proceeding in this Court and of the trial court's failure to issue findings of fact and conclusions of law following that order. Relator also complains of the trial court's verbal rulings on August 30, 2018 compelling relator to respond to discovery in aid of judgment, ordering $10,000 as sanctions against relator, and requiring payment of the monetary sanctions before trial despite relator's purported inability to pay. To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Based on the record before us, we conclude relator has not shown it is entitled to the relief requested.

Relator has an adequate remedy on appeal regarding the denial of fees for the prior mandamus proceeding. *See In re Cousins*, 551 S.W.3d 913, 920 (Tex. App.—Tyler 2018, orig. proceeding) (ordinary appeal of the order denying motion for fees provided adequate remedy where relator could pursue his claims, "eventual outcome had not been pre-determined by trial court's ruling, and there was no danger that an appellate court would be unable to cure any error through ordinary appeal or that error could not be made part of the appellate record").

As for the verbal rulings, the trial court has not signed a written sanctions order or a written discovery order, and relator has not provided a reporter's record of the hearing at which the verbal rulings were made. Under these circumstances, the verbal rulings are not subject to mandamus review and may not be stayed. *See In re Cokinos*, No. 05-16-01331-CV, 2016 WL 7163968, at *1 (Tex. App.—Dallas Nov. 16, 2016, orig. proceeding) (mem. op.) (denying mandamus where relator did not file a written order or record of a verbal order) (internal citations omitted); *see also In re Bledsoe*, 41 S.W.3d 807, 812 (Tex. App.—Fort Worth 2001, orig. proceeding) (verbal ruling is subject to mandamus review only if it is clear, specific, and enforceable).

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

180980F.P05

–2–