# NO. 12-18-00295-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: LARRY BROWN AND* | § | |
| *JBS CARRIERS, INC.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Larry Brown and JBS Carriers, Inc. (collectively "Relators") seek mandamus relief from Respondent's order striking their Chapter 18 counter-affidavit.[1]  We conditionally grant the writ.

## BACKGROUND

Josue Saucedo alleges that his vehicle was struck by a vehicle owned by JBS and being driven by Brown.  Saucedo filed several affidavits regarding the reasonableness and necessity of medical treatment in accordance with Section 18.001 of the civil practice and remedies code.  In response, Relators filed the controverting affidavit of Jana Schieber, R.N.  Saucedo filed a motion to strike the affidavit on grounds that (1) Schieber's opinions lack a reliable foundation or factual basis, (2) Schieber is unqualified as an expert, is not a practicing nurse, and relies on opinions obtained from a database rather than her own training, expertise, or experience, (3) Schieber has been struck in other cases, and (4) Schieber offered no facts, treatises, or medical studies to show the reliability or acceptance by the medical community of the databases on which she relied.  Relators subsequently provided a declaration from Schieber, which included attachments from the databases on which she relied.  Respondent granted the motion to strike, expressly finding that

---

[1] Respondent is the Honorable Robert K. Inselmann, Jr., Judge of the 217th Judicial District Court in Angelina County, Texas.  The underlying proceeding is trial court cause number CV-00030-10-01, styled ***Josue Saucedo v. Larry Brown and JBS Carriers, Inc.***

Schieber is unqualified from providing expert testimony and the opinions in her controverting affidavit are not reliable. This proceeding followed.

### PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

### ABUSE OF DISCRETION

Relators contend Respondent abused his discretion when he struck Nurse Schieber's affidavit. Relators further argue that Schieber is qualified and her opinions in the counteraffidavit are reliable.

**Standard of Review**

A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 840. We cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable, even if we would have decided the issue differently. *Id.* However, a trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Id.*

**Applicable Law**

In a personal injury case, a claim for past medical expenses must be supported by evidence that (1) the plaintiff's injuries were caused by the defendant's negligence, and (2) the medical

2

treatment was necessary and the charges for that treatment were reasonable. *See generally Texarkana Mem'l Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 840 (Tex.1997) ("We [ ] hold that a plaintiff should recover only for medical expenses specifically shown to result from treatment made necessary by the negligent acts or omissions of the defendant[.]"); *Whitaker v. Rose*, 218 S.W.3d 216, 223 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (noting even default judgment does not relieve plaintiff of burden to show past medical expenses were reasonable and necessary). A plaintiff can present evidence concerning the reasonableness and necessity of past medical expenses through (1) expert testimony, or (2) an affidavit from the plaintiff's medical provider made pursuant to Section 18.001. *See Whitaker*, 218 S.W.3d at 223; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001 (West 2013). In other words, a medical provider's Section 18.001 affidavit can save the plaintiffs the expense of having to hire an expert to testify that their medical expenses were reasonable and necessary. *See Turner v. Peril*, 50 S.W.3d 742, 747 (Tex. App.—Dallas 2001, pet. denied) ("Section 18.001 provides a significant savings of time and cost to litigants, particularly in personal injury cases, by providing a means to prove up the reasonableness and necessity of medical expenses.").

Section 18.001 is, in essence, an exception to the hearsay rule:

> Section 18.001 is an evidentiary statute which accomplishes three things: (1) it allows for the admissibility, by affidavit, of evidence of the reasonableness and necessity of charges which would otherwise be inadmissible hearsay; (2) it permits the use of otherwise inadmissible hearsay to support findings of fact by the trier of fact; and (3) it provides for exclusion of evidence to the contrary, upon proper objection, in the absence of a properly-filed counteraffidavit.

*Beauchamp v. Hambrick*, 901 S.W.2d 747, 749 (Tex. App.—Eastland 1995, no writ). But the exception to the hearsay rule applies only when no controverting affidavit is served: Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b). And even when the exception applies and the uncontroverted affidavit is admissible, it is not conclusive evidence as to the amount of recoverable damages for past medical expenses. *Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 491-92 (Tex. App.—Dallas 2016, pet. denied). The jury is not required to award a plaintiff the amount of damages

established in the affidavit, but if it chooses to do so, the affidavit is sufficient evidence to support the finding that the past medical expenses were reasonable and necessary. *See Gutierrez v. Martinez*, No. 01–07–00363–CV, 2008 WL 5392023, at *9 (Tex. App.—Houston [1st Dist.] Dec. 19, 2008, no pet.) (mem. op.).

If an opposing party intends to controvert a claim reflected by an initial affidavit, the opposing party must serve a counteraffidavit. There are two main requirements for a counteraffidavit: (1) it must give reasonable notice of which claims the opponent intends to controvert and why, and (2) it must be made by a person who is qualified to testify about all or part of any of the matters contained in the initial affidavit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(f).

## Analysis

Saucedo contends Respondent did not abuse his discretion because Schieber's affidavit was insufficient under Section 18.001(f) in that it failed to show that Schieber was qualified to give an opinion as to the reasonableness of the medical services.  *See* TEX. CIV. PRAC. & REM. CODE § 18.001(f); *Turner*, 50 S.W.3d at 747-48.  He further contends Schieber's affidavit is unreliable because she relied on information in databases and did not controvert the exact amounts reflected in the custodians' affidavits.

General experience in a specialized field does not qualify a witness as an expert. *Gen. Motors Corp. v. Burry*, 203 S.W.3d 514, 526 (Tex. App.—Fort Worth, 2006, pet. denied); *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 506 (Tex. App.—Fort Worth 2001, pet. denied). "What is required is that the offering party establish that the expert has 'knowledge, skill, experience, training, or education' regarding the specific issue before the court which would qualify the expert to give an opinion on that particular subject." *Broders v. Heise*, 924 S.W.2d 148, 153–54 (Tex.1996). If "a party can show that a subject is substantially developed in more than one field, testimony can come from a qualified expert in any of those fields." *Id*. at 154.

Schieber attached her curriculum vitae to her controverting affidavit.  According to her curriculum vitae, Schieber has been a licensed nurse since 1995.  In addition, she has worked case management and claim analysis for insurance companies since 1999.  As part of that experience, she maintained and worked with databases for medical costs.  In addition, she is familiar with medical coding and billing practices.  Schieber's affidavit states that she reviewed the billing records from Saucedo's medical providers and compared the rates to those contained in her

4

databases. After that review, she opined that several of the billed amounts were "not reasonable as they are not within the amount which is considered to be the prevailing usual and customary charge for the same service for providers in the geographic area of [the provider]." Nowhere in her affidavit does Schieber claim to be qualified to opine on the necessity of medical expenses.

Section 18.001(c)(2)(B) permits the reasonableness and necessity of charges to be proved by a nonexpert custodian. TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(c)(2)(B). In contrast, Section 18.001(f) requires that a counteraffidavit be made by a person qualified to testify in contravention about matters contained in the initial affidavit. *Id.* § 18.001(f). Section 18.002 sets out a form for an affidavit regarding cost and necessity of services but provides no form for a counteraffidavit. *Id.* § 18.002. Thus, it has previously been held that the statute places a greater burden of proof on counteraffidavits to discourage their misuse in a manner that frustrates the intended savings. *Turner,* 50 S.W.3d at 747.

However, the Supreme Court recently clarified the qualifications necessary for Chapter 18 affiants. In *Gunn v. McCoy,* it held that insurance subrogation agents are qualified to use their databases to create affidavits regarding the reasonableness and necessity of a plaintiff's medical expenses. 554 S.W.3d 645, 674-75 (Tex. 2018). The Court noted that the "plain language of [S]ection 18.001(c)(2)(B) does not require that the affidavits be made by a records custodian *for a medical provider.*" *Id.* at 672 (emphasis in original). The Court further emphasized that "insurance companies keep records and databases of both the list prices and the actual prices of specific treatments and procedures." *Id.* at 673. As a result, "with national and regional bases on which to compare prices actually paid, insurance agents are generally well-suited to determine the reasonableness of medical expenses." *Id.* As a result, Saucedo's argument that Schieber is unqualified and her opinion unreliable because she is not a practicing nurse and relied upon databases is without merit.

Saucedo further argues that Schieber's opinion is unreliable because she did not review the reduced charges instead of the billed charges. According to Saucedo, the fact that Schieber's "amount reviewed" does not match the amount reflected in her affidavit makes her affidavit unreliable. However, Schieber included an itemized review of all the charges she reviewed. Included in that review was the amount "allowed" for each bill. When the amount "allowed" is less than the amount included in the affidavit, Schieber controverted the affidavit. As a result,

5

Schieber's affidavit gave reasonable notice of the claims she controverts and why. *See* TEX. CIV. PRAC. & REM. CODE § 18.001(f).

For the reasons explained above, we conclude that Respondent erred when he found Schieber unqualified and her opinions unreliable. As a result, he abused his discretion by striking the entirety of Schieber's affidavit.

## ADEQUATE REMEDY

Relators argue that appeal is an inadequate remedy and mandamus is required. Relators contend mandamus would preserve their rights, provide guidance on an issue of statewide importance, and prevent a waste of resources.

### Applicable Law

In certain circumstances, incidental trial court rulings can be corrected by writ of mandamus. ***In re Entergy Corp.***, 142 S.W.3d 316, 321 (Tex. 2004). However, mandamus relief from a non-appealable interlocutory order requires the showing of a serious denial of a right for which the remedy by appeal is inadequate. ***In re East Tex. Med. Ctr.***, No. 12-17-00183-CV, 2017 WL 4675511, at *2 (Tex. App.—Tyler Oct. 18, 2017, orig. proceeding) (mem. op.). "The operative word, 'adequate', has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." ***In re Prudential Ins. Co. of Am.***, 148 S.W.3d 124, 136 (Tex. 2004). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." ***Id***. If the benefits outweigh the detriments, an appellate court must consider whether the appellate remedy is adequate. ***Id***. This determination is not an abstract or formulaic one; it is practical and prudential. ***Id***. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. ***Id***.

"Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds

6

unproductively to the expense and delay of civil litigation." *Id*. "As a selective procedure, mandamus can correct clear errors in exceptional cases and afford appropriate guidance to the law without the disruption and burden of interlocutory appeal." *Id*. at 138. We must be mindful that the benefits of mandamus review are easily lost by overuse. *Id*. An appellate court will exercise jurisdiction not merely because inaction would cause hardship to the parties, but because special, unique circumstances mandate the appellate court's intervention. *See In re Entergy Corp.*, 142 S.W.3d at 321.

**Analysis**

Relators argue that review of an order striking a counter-affidavit under Chapter 18 requires mandamus review. According to Relators, a defendant is prevented from presenting evidence concerning the reasonableness of medical expenses when a counter-affidavit is struck. They further maintain that guidance is needed because the Chapter 18 process is commonly utilized.

As the Texas Supreme Court has explained, "[m]andamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss[.]" *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. "The requirement that there be no other adequate remedy by law is met when parties are in danger of permanently losing substantial rights." *In re East Tex. Med. Ctr.,* 2017 WL 4675511, at *2. This danger "arises when the appellate court would not be able to cure the trial court's error, when the party's ability to present a viable claim is vitiated, that is, when the party is effectively denied a reasonable opportunity to develop the merits of its case, so that the trial would be a waste of judicial resources, or when the error cannot be made part of the appellate record, making appellate review impossible." *Id*.; *In re Cousins*, 551 S.W.3d 913, 918 (Tex. App.—Tyler 2018, orig. proceeding [mand. denied]).

We consider whether mandamus review is essential to give needed and helpful direction regarding Section 18.001 that would otherwise prove elusive in an appeal from a final judgment. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Since its enactment, several courts have applied and analyzed Section 18.001 on appeal. *See Whitaker*, 218 S.W.3d at 223; *Turner*, 50 S.W.3d at 747 (Tex. App.—Dallas 2001, pet. denied); *Hong v. Bennett*, 209 S.W.3d 795, 798 (Tex. App.—Fort Worth 2006, no pet.); *See also Gunn*, 554 S.W.3d at 672-75. Those appeals include cases in which the qualifications of affiants of controverting affidavits were called into

7

question. *See Ten Hagen*, 503 S.W.3d at 493. In fact, Relators concede that the affidavit process found in Chapter 18 is frequently used and controverting affidavits are frequently struck.

However, according to Relators, a defendant is prevented from presenting evidence concerning the reasonableness of a plaintiff's medical expenses if the controverting affidavit is struck. Relators contend Saucedo can now prove the reasonableness and necessity of his medical expenses via hearsay, which they argue is not competent evidence. They further argue that Saucedo will receive a windfall if their controverting affidavit is struck.

We agree with Relators that they lose substantial rights if the order striking Schieber's affidavit is allowed to stand. One of the purposes of a Section 18.001 affidavit is that it "provides for the exclusion of evidence to the contrary, upon proper objection, in the absence of a properly-filed counteraffidavit." *Beauchamp*, 901 S.W.2d at 749. As a result, Relators are prevented from presenting evidence that contradicts the affidavits of Saucedo's medical providers.

Real Party in Interest correctly notes that Relators' hands are not completely bound by the trial court striking the counter-affidavit. The striking of Relators' affidavit does not deprive them of the opportunity to call the reasonableness and necessity of the expenses into question. A defendant who does not file a counteraffidavit may make arguments contesting the plaintiff's affidavits during opening statements and closing arguments. *Gutierrez v. Martinez*, No. 01-07-00363-CV, 2008 WL 5392023, at *12 (Tex. App.—Houston [1st Dist.] Dec. 19, 2008, no pet.); *Ten Hagen*, 503 S.W.3d at 494. Furthermore, a defendant may cross-examine a plaintiff about his injuries and prior medical conditions, and introduce the corresponding medical records, because a plaintiff's Section 18.001 affidavit does not establish "conclusive evidence of the reasonableness or necessity of the charges or the causation of the corresponding injuries." *Grove v. Overby*, No. 03-03-00700-CV, 2004 WL 1686326, at *6 (Tex. App.—Austin July 29, 2004, no pet.) (mem. op.); *Ten Hagen*, 503 S.W.3d at 494. These limited avenues still available to a party who has a counter-affidavit struck are a far cry from the rights and protections afforded a party who has filed a proper counter-affidavit.

We consider whether mandamus will spare litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. We generally do not grant a petition for writ of mandamus based on the exclusion of evidence. *See In re Baumgartner*, No. 13-10-00042-CV, 2010 WL 877563, at*1 (Tex. App.—Corpus Christi March 11, 2010, orig. proceeding) (mem. op.); *In re*

8

*Osborne*, No. 09-09-00413-CV, 2009 WL 2877969, at *1 (Tex. App.—Beaumont Sept. 4, 2009, orig. proceeding) (mem. op.);*see also **In re Ford Motor Co.*, 988 S.W.2d 714, 721-22 (Tex. 1998); ***Pope v. Davidson***, 849 S.W.2d 916, 920 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); *see also **Joachim v. Chambers***, 815 S.W.2d 234, 244 (Tex. 1991) (Gonzalez, J., dissenting) ("Surely, tomorrow we will be asked to issue mandamus regarding other witnesses and thereafter regarding the admission or exclusion of evidence at trial. Is there no end?"). However, this case is not as simple as the exclusion of evidence. When a defendant's counteraffidavit is improperly stricken and the basis of an appeal, the court must determine whether the error was harmful. TEX. R. APP. P. 44.1. The error is harmful if it probably caused the rendition of an improper judgment. ***Romero v. KPH Consolidation, Inc.***, 166 S.W.3d 212, 220 (Tex. 2005); ***Hong***, 209 S.W.3d at 804. As previously stated, a defendant is prohibited from presenting evidence negating the plaintiff's damages; therefore, the error is generally considered harmful. *See **Hong***, 209 S.W.3d at 804. As a result, the trial court's erroneous exclusion of Relators' counteraffidavits created reversible error and will result in an irreversible waste of resources. *See **In re Team Rocket***, 256 S.W.3d at 263. In fact, Saucedo conceded that remand the result if the counter-affidavit was improperly struck and mandamus not issued would be remand.

Therefore, we conclude that the special, unique circumstances of this case mandate this Court's intervention. *See **In re Entergy Corp.***, 142 S.W.3d at 321. Mandamus review will spare the parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. *See **In re Prudential Ins. Co. of Am.***, 148 S.W.3d at 136. Accordingly, we hold that Relators have no adequate appellate remedy.

## DISPOSITION

For the reasons set forth above, we have concluded that Relators have satisfied both prerequisites to mandamus. Accordingly, we ***conditionally grant*** Relators' petition for writ of mandamus and direct Respondent to vacate his October 1, 2018 order granting Saucedo's motion to strike the controverting affidavit of Jana Schieber and issue an order denying the motion. We trust Respondent will promptly comply with this opinion and order. The writ will issue only if Respondent fails to do so ***within ten days of the date of the opinion and order***. Respondent shall furnish this Court, within the time for compliance with this court's opinion and order, a certified copy of this order evidencing such compliance.

9

**BRIAN HOYLE**
Justice

Opinion delivered March 5, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

MARCH 5, 2019

NO. 12-18-00295-CV

**LARRY BROWN AND JBS CARRIERS, INC.,**
Relators
V.

**HON. ROBERT K. INSELMANN, JR.,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Larry Brown and JBS Carriers, Inc.; who are the relators in Cause No. 12-18-00295-CV and the defendants in Cause No. CV-00030-18-01, pending on the docket of the 217th District Court Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on October 25, 2018, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the petition for writ of mandamus be, and the same is, hereby conditionally granted.

And because it is further the opinion of this Court that the Respondent will act promptly and comply with this opinion and order, and in its stead, will issue an order vacating his

October 1, 2018 order granting Jose Saucedo's motion to strike the controverting affidavit of Jana Schieber and issue an order denying the motion, the writ will not issue unless the Honorable Robert K. Inselmann, Jr., Judge of the 217th Judicial District Court in Angelina County, Texas, fails to comply with this Court's order *within ten days* from the date of this order.

It is further ORDERED that **JOSE SAUCEDO** pay all costs incurred by reason of this proceeding.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*